**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUSTAM MUSTAFIN, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GREENSKY, INC., DAVID ZALIK, ROBERT PARTLOW, JOEL BABBIT, GERALD BENJAMIN, JOHN FLYNN, GREGG FREISHTAT, NIGEL MORRIS, ROBERT SHEFT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, SUNTRUST ROBINSON HUMPHREY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, RAYMOND JAMES & ASSOCIATES, INC., GUGGENHEIM SECURITIES, LLC, SANDLER O'NEILL & PARTNERS, L.P., and FIFTH THIRD SECURITIES, INC.,<br><br>Defendants. | Case No. 1:18-cv-11071 (PAE) |
| BRADLEY YU, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GREENSKY, INC., DAVID ZALIK, ROBERT PARTLOW, JOEL BABBIT, GERALD BENJAMIN, JOHN FLYNN, GREGG FREISHTAT, NIGEL MORRIS, ROBERT SHEFT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, SUNTRUST ROBINSON HUMPHREY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, RAYMOND JAMES & ASSOCIATES, INC., GUGGENHEIM | Case No. 1:19-cv-100 |

SECURITIES, LLC, SANDLER O'NEILL & )
PARTNERS, L.P., and FIFTH THIRD )
SECURITIES, INC., )
Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF THE FUND GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

**TABLE OF CONTENTS**

I. Introduction ........ 1

II. BACKGROUND ........ 2

III. ARGUMENT ........ 4
- A. Movant should be appointed as lead plaintiff. ........ 4
  - 1. Movant satisfies the procedural requirements for appointment as lead plaintiff. ........ 4
  - 2. Movant has the largest financial interest in the relief sought by the class. ........ 5
  - 3. Movant otherwise satisfies the requirements of Rule 23. ........ 7
- B. The Court should approve Movant's choice of counsel. ........ 9
- C. The Relation Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a). ........ 10

V. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Albert Fadem Tr. v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002)....7

*In re Aratana Therapeutics Inc. Sec. Litig.*,
No. 17-CV-1446 (PAE), 2017 WL 2491494 (S.D.N.Y. June 6, 2017)....10

*Baydale v. Am. Exp. Co.*,
No. 09-CV-3016 (WHP), 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009)....10

*In re Braskem S.A. Sec. Litig.*,
No. 15-CV-5132 (PAE), 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)....9

*Chisholm v. TranSouth Fin. Corp.*,
184 F.R.D. 556 (E.D. Va. 1999)....8

*In re Crayfish Co. Sec. Litig.*,
No. 00-CV-6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002)....7

*In re Elan Corp. Sec. Litig.*,
No. 02-CV-865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002)....7

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)....6

*Fields v. Biomatrix, Inc.*,
198 F.R.D. 451 (D.N.J. 2000)....8

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995)....10

*In re Host Am. Corp. Sec. Litig.*,
236 F.R.D. 102 (D. Conn. 2006)....10

*Lang v. Tower Grp. Int'l, Ltd.*,
No. 13-CV-5852 (AT), 2014 WL 12779212 (S.D.N.Y. June 17, 2014)....6

*In re Millennial Media, Inc. Sec. Litig.*,
87 F. Supp. 3d 563 (S.D.N.Y. 2015)....6

*Mustafin v. GreenSky, Inc., et al.*,
18-CV-11071 (S.D.N.Y. Nov. 27, 2017) ............ 1, 2

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............ 8

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015) ............ 6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015) ............ 6, 10

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001) ............ 7, 8, 10

*Yu v. GreenSky, Inc., et al.*,
1:19-cv-100 (S.D.N.Y. Jan. 4, 2019) ............ 1

**Statutes, Regulations & Rules**

15 U.S.C. § 78
§ 78u-4(a)(1) ............ 4
§ 78u-4(a)(3) ............ 5
§ 78u-4(a)(3)(A)(i) ............ 4
§ 78u-4(a)(3)(B)(i) ............ 4, 5
§ 78u-4(a)(3)(B)(iii)(I) ............ 5
§ 78u-4(a)(3)(B)(iii)(I)(bb) ............ 2, 7
§ 78u-4(a)(3)(B)(iii)(I)(cc) ............ 7
§ 78u-4(a)(3)(B)(iii)(II) ............ 6
§ 78u-4(a)(3)(B)(iii)(II)(aa) ............ 9
§ 78u-4(a)(3)(B)(v) ............ 9

Federal Rules of Civil Procedure Rule 23 ............ 2, 5, 7, 8
Rule 23(a) ............ 7
Rule 23(a)(3) ............ 8, 9
Rule 23(a)(4) ............ 8, 9

Federal Rules of Civil Procedure 42(a) ............ 10, 11

Private Securities Litigation Reform Act of 1995 (PSLRA) ............ *passim*

Securities Exchange Act of 1934 ............ 4
Exchange Act Section 21D ............ 2
Exchange Act Section 21D(a)(3)(B) ............ 1

**Other Authorities**

H.R. Rep. No. 104-369 (1995) ............ 9

## I. INTRODUCTION

Northeast Carpenters Annuity Fund ("Northeast Carpenters"), El Paso Firemen & Policemen's Pension Fund ("El Paso"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("CPERS") (collectively, the "Fund Group" or "Movant") respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, for entry of an Order: (i) appointing Movant as Lead Plaintiff on behalf of itself and all persons and entities other than Defendants who purchased or otherwise acquired GreenSky, Inc. ("GreenSky" or the "Company") common stock between May 24, 2018 and November 12, 2018 (the "Relevant Period"), both dates inclusive; (ii) appointing the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Scott + Scott Attorneys at Law LLP ("Scott + Scott") to serve as Co-Lead Counsel; and (iii) consolidating related actions.

Two actions have been filed against the same Defendants,[1] *Mustafin v. GreenSky, Inc., et al.*, 18-CV-11071 (S.D.N.Y. Nov. 27, 2017) ("*Mustafin* Action"), and *Yu v. GreenSky, Inc., et al..*,

[1] Defendants are GreenSky; David Zalik ("Zalik"), the Company's Chief Executive Officer and Chairman of the Board; Robert Partlow ("Partlow"), the Company's Chief Financial Officer; Joel Babbit ("Babbit"), Gerald Benjamin ("Benjamin"), John Flynn ("Flynn"), Gregg Freishtat ("Freishtat"), Nigel Morris ("Morris"), and Robert Sheft ("Sheft"), who were each Directors of the Company and signed or authorized the signing of the Offering Documents; and Goldman Sachs & Co. LLC ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), Morgan Stanley & Co. LLC ("Morgan Stanley"), Citigroup Global Markets Inc. ("Citigroup"), Credit Suisse Securities (USA) LLC ("Credit Suisse"), Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), Suntrust Robinson Humphrey, Inc. ("SunTrust"), Raymond James & Associates, Inc. ("Raymond James"), Sandler O'Neill & Partners, L.P. ("Sandler O'Neill"), Fifth Third Securities, Inc. ("Fifth Third"), and Guggenheim Securities, LLC ("Guggenheim"), which were each underwriters for the Company's IPO.

1:19-cv-100 (S.D.N.Y. Jan. 4, 2019) ("*Yu* Action," and with the *Mustafin* Action, the "Related Actions").

The PSRLA provides that the person or persons who files a motion within the prescribed PSLRA deadlines, possesses the largest financial interest in the case, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure should be appointed as lead plaintiff.

Under these standards, Movant should be appointed. The instant motion is timely, as it is filed within 60 days of the notice published pursuant to the PSLRA. Movant suffered combined losses of approximately $799,365 as a result of the alleged misconduct, and is unaware at this time of any other movant with a greater loss. Movant otherwise satisfies Rule 23. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Additionally, Movant's selection of Cohen Milstein Sellers & Toll PLLC and Scott + Scott as Co-Lead Counsel should be approved. Cohen Milstein and Scott + Scott are highly qualified to prosecute securities class actions such as this one and have done so many times before.

## II.     BACKGROUND

GreenSky is a financial technology company headquartered in Atlanta, Georgia and incorporated in Delaware. GreenSky's stock trades on the Nasdaq Global Select Market under the ticker symbol "GSKY." GreenSky operates an online platform that enables creditors to process loan applications at the point of sale.

GreenSky has two principal sources of revenue: transaction fees, which the Company receives when a consumer secures a loan through its platform, and additional fees it receives from banks over the lifetime of the loan. Transaction fees accounted for 87% of GreenSky's revenue in

2017. Transaction fees vary in accordance with the agreement between GreenSky and the relevant merchant. Of relevance here, the Company typically charged solar panel merchants a 14% transaction fee, while charging other merchants an average 7% fee. Prior to 2018, GreenSky derived approximately 20% of its transaction-fee revenue from solar panel merchants.

GreenSky filed a registration statement on April 27, 2018 and a prospectus on May 25, 2018 (together, the "Offering Documents") in connection with its impending IPO, which closed on May 29; however, the Company's Offering Documents included false and misleading statements regarding the Company's revenue model and growth. In particular, the Offering Documents failed to dislose that the Company's strategic decision to "actively reduce[]" solar panel transaction volume while expanding into the elective healthcare sector would significantly harm the Company's bottom line, because it entailed a transition away from solar panel merchants (which generated high transaction fees that made up a *fifth* of the Company's revenue in previous years) and toward elective health care companies (which generated much lower fees).

In short, the Offering Documents painted a rosy picture of the Company's growth and financial performance while neglecting to mention the contemporaneous deterioration in GreenSky's transaction-fee revenue. They further omited the specific deleterious effects of the Company's changing merchant mix on EBITDA. Unsurprisingly, GreenSky's transaction-fee revenue did, in fact, sharply decline when it moved away from the solar panel market, and, absent a reversal of this strategy, it is poised to remain low.

The truth was revealed through a press releases announcing the Company's poor financial results and Defendant Zalik's public acknowledgements that the reduction in transaction fees was directly attributable to the transition away from solar panel merchants and toward elective healthcare companies. On November 6, 2018, GreenSky's stock price fell to $9.28 per share, down

from the IPO price of $23.00 per share and a post-offering high of $26.77 per share. In sum, as a result of Defendants' false and misleading statements, and the precipitous decline in GreenSky's share price, Movant and other Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. Movant should be appointed as lead plaintiff.

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as lead plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as lead counsel.

#### 1. Movant satisfies the procedural requirements for appointment as lead plaintiff.

The Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on November 27, 2018. *See* Buttrick Decl., Ex. A.

The PSLRA further provides that within 60 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on January 28, 2019.[2] Movant has moved within the statutory 60-day time period. The motion contains the required certifications setting forth, inter alia, Movant's purchases of GreenSky common stock, indicating that Movant has reviewed the relevant complaint, and is willing to serve as a representative party on behalf of the class. *See* Buttrick Decl., Exs. B, D, and F.

In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resumes. *See* Cohen Milstein Sellers and Toll PLLC and Scott + Scott resumes at Buttrick Decl., Exs. I & J. As demonstrated in their resumes, both firms have substantial experience in successfully prosecuting federal securities law claims.

**2. Movant is presumptively the most adequate plaintiff.**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the federal securities laws. 15 U.S.C. § 78u-4(a)(3). The PSLRA provides that the Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).

The Court is guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This

[2] The sixty-day period expires on Saturday, January 26, 2019. January 28th is the next business day.

presumption may be rebutted by proof that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Fund Group is qualified for appointment as Lead Plaintiff. Its members collectively suffered losses of approximately $799,365 from their purchases of GreenSky securities during the Relevant Period as a result of Defendants' misrepresentations. *See* Buttrick Decl. Exs. C, E & G. Movant is not aware of any other class member with a larger financial interest in the relief sought by the class and is therefore the most adequate plaintiff and entitled to appointment as Lead Plaintiff. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277 (S.D.N.Y. 2015) (appointing as lead plaintiff the movant with the largest potential recoverable loss); *see also Lang v. Tower Grp. Int'l, Ltd.*, No. 13-CV-5852 (AT), 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) (appointing group of plaintiffs with largest losses).

Moreover, as set forth in their Joint Declaration, attached as Exhibit H to the Buttrick Declaration, the members of the Fund Group are willing to actively participate in the leadership of this litigation. All three funds in the Fund Group are sophisticated institutional investors, which is "the type of investor Congress prefers as lead plaintiffs" in securities class actions. *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015); *see also In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("The fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members.'").

Moreover, all three members of the Fund Group have a large financial interest in this litigation, which shows that they are prepared to protect the interests of the Class. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (observing that

lead plaintiff movant's substantial losses suggest its "strong interest in advocating on behalf of the Class"). The Fund Group members will work together to oversee their counsel and ensure the vigorous and efficient prosecution of this action. Finally, the Fund Group members understand their obligations as fiduciaries of the Class. *See* Buttrick Decl. Ex. H.

Because Movant possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, Movant is both qualified to represent the Class and willing to serve as a representative party. Finally, Movant has selected counsel highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and its motion should be granted.

**3. Movant otherwise satisfies the requirements of Rule 23.**

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). *See also In re Elan Corp. Sec. Litig.*, No. 02-CV-865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Tr. v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00-CV-6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court has noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (internal citation omitted).

Here, Movant seeks the same relief and advances the same legal theories as all class members. Because the claims asserted by Movant are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," Movant meets the requirements of the typicality requirement of Rule 23.

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Here, Movant is an adequate representative for the Class. First, as noted above, it is comprised of three sophisticated institutional investors, which are preferred under the PSLRA. *See*

H.R. Rep. No. 104-369, at 34 (1995) (Conf.Rep.) ("The Conference Committee believes that increasing the role of institutional investors … will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Moreover, Movant does not have interests adverse to those of the Class and purchased GreenSky securities during the Relevant Period. Like other putative class members, Movant suffered losses in the form of diminution of the value of its GreenSky securities upon disclosure of the fraud. Furthermore, as a result of Movant's significant financial stake in this action, it will vigorously advocate on behalf of the class. Finally, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see* Buttrick Decl., Exs. I & J, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

All of these factors demonstrate that Movant's claims are typical of the claims of the class within the meaning of Rule 23(a)(3), and that Movant will fairly and adequately represent the interests of the class under Rule 23(a)(4). Movant should therefore be appointed lead plaintiff.

**B. The Court should approve Movant's choice of counsel.**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Court should approve Cohen Milstein and Scott + Scott as Movant's choice for Co-Lead Counsel. Both firms have extensive experience in securities class action litigation as detailed in their firm resumes. Buttrick Decl., Exs. I & J; *see also In re Braskem S.A. Sec. Litig.*, No. 15-CV-5132 (PAE), 2015 WL 5244735, at *6 (S.D.N.Y. Sept. 8, 2015) (approving Cohen Milstein to serve as lead counsel on the basis of the firm's "experience litigating securities class actions");

*Topping*, 95 F. Supp. 3d at 624 (selecting Cohen Milstein as lead counsel because it "has successfully prosecuted numerous securities fraud class actions"); *Baydale v. Am. Exp. Co.*, No. 09-CV-3016 (WHP), 2009 WL 2603140, at *5 (S.D.N.Y. Aug. 14, 2009) (describing Scott + Scott as "highly competent and experienced counsel," and approving it to serve as lead counsel); *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 109 (D. Conn. 2006) (approving the selection of Scott + Scott as lead counsel because it "is a national law firm with a 'significant national practice' in securities litigation"). Accordingly, the Court may be assured that the class will be well represented.

**C. The Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).**

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131 (internal quotations and citation omitted).

The Related Actions present virtually identical factual and legal issues and allege the same violations of the federal securities laws against the same defendants. As this Court has previously, observed, "courts routinely consolidate securities class actions arising from the same allegedly actionable statements." *In re Aratana Therapeutics Inc. Sec. Litig.*, No. 17-CV-1446 (PAE), 2017 WL 2491494, at *3 (S.D.N.Y. June 6, 2017); *see also Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) ("The proper solution to problems caused by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a).") (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)). Because the Related Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others,

and common questions of law and fact will predominate in these actions. Thus, consolidation is appropriate here. Fed. R. Civ. P. 42(a).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests appointment as Lead Plaintiff, approval of its selection of Cohen Milstein and Scott + Scott as Co-Lead Counsel, and consolidation of the Related Actions.

Dated: January 28, 2019

By: _/s/ Alice Buttrick_
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Alice Buttrick (No. 5444120)
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Allen Dreschel
1100 New York Avenue, N.W., Suite 500
Washington, DC 20005
Telephone: (202) 408-4600

By: _/s/ Thomas L. Laughlin, IV_
**SCOTT + SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (TL-8888)
Donald A. Broggi (DB-9661)
Rhiana L. Swartz (RS-2332)
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

*Counsel for Movant and Proposed Co-Lead Counsel for the Class*