# EXHIBIT H

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RUSTAM MUSTAFIN, individually and behalf of all others similarly situated, | ) ) ) | Case No. 1:18-cv-11071 (PAE) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GREENSKY, INC., DAVID ZALIK, ROBERT PARTLOW, JOEL BABBIT, GERALD BENJAMIN, JOHN FLYNN, GREGG FREISHTAT, NIGEL MORRIS, ROBERT SHEFT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, SUNTRUST ROBINSON HUMPHREY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, RAYMOND JAMES & ASSOCIATES, INC., GUGGENHEIM SECURITIES, LLC, SANDLER O'NEILL & PARTNERS, L.P., and FIFTH THIRD SECURITIES, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| BRADLEY YU, individually and behalf of all others similarly situated, | ) ) ) | Case No. 1:19-cv-100 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GREENSKY, INC., DAVID ZALIK, ROBERT PARTLOW, JOEL BABBIT, GERALD BENJAMIN, JOHN FLYNN, GREGG FREISHTAT, NIGEL MORRIS, ROBERT SHEFT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, SUNTRUST ROBINSON HUMPHREY, INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INC., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, RAYMOND JAMES & ASSOCIATES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| GUGGENHEIM SECURITIES, LLC, SANDLER O'NEILL & PARTNERS, L.P., and FIFTH THIRD SECURITIES, INC., <br>        Defendants. | ) ) ) ) |

**JOINT DECLARATION OF NORTHEAST CARPENTERS ANNUITY FUND, EL PASO FIREMEN & POLICEMEN'S PENSION FUND, AND EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE IN SUPPORT OF THE FUND GROUP'S MOTION TO CONSOLIDATE, APPOINT <u>LEAD PLAINTIFF, AND APPROVE SELECTION OF COUNSEL</u>**

1

We, Northeast Carpenters Annuity Fund, El Paso Firemen & Policemen's Pension Fund, and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, pursuant to 28 U.S.C. §1746, declare as follows:

1. We, Northeast Carpenters Annuity Fund ("Northeast Carpenters"), El Paso Firemen & Policemen's Pension Fund ("El Paso"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("CPERS") (collectively, the "Fund Group" or "Movant"), respectfully submit this joint declaration in support of the Fund Group's motion for: (i) appointment as Lead Plaintiff in the related actions; (ii) approval of the Fund Group's selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Scott + Scott Attorneys at Law LLP ("Scott + Scott") as Co-Lead Counsel; and (iii) consolidation of the above-captioned actions and all other related actions.

2. We are informed of and understand the requirements of serving as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Each of us has personal knowledge about the information in this Joint Declaration as to ourselves and, where applicable, the entities with which we are associated.

3. I, Pete Tonia, in my capacity as Funds Director at Northeast Carpenters, am authorized to make this declaration on its behalf. Northeast Carpenters is a $2 billion annuity fund operated on behalf of construction professionals in the Northeast. Northeast Carpenters is familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class. Northeast Carpenters' understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a representative party in a prior shareholder class action, and conversations with its counsel. As detailed in the papers accompanying our Lead Plaintiff motion, Northeast

Carpenters has suffered significant losses as a result of the GreenSky securities it purchased during the Class Period.

4.      I, Tyler C. Grossman, in my capacity as Executive Director at El Paso, am authorized to make this declaration on its behalf.  El Paso is a $1.5 billion pension fund operated for the benefit of firefighters and police officers in El Paso, Texas.  El Paso is familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.  El Paso's understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a representative party in a shareholder class action, and conversations with its counsel.  As detailed in the papers accompanying our Lead Plaintiff motion, El Paso has suffered significant losses as a result of the GreenSky securities it purchased during the Class Period.

5.      I, Jeffrey R. Yates, in my capacity as Retirement Administrator at CPERS, am authorized to make this declaration on its behalf.  CPERS is a $1.2 billion defined benefit fund operated for the benefit of employees of the City of Baton Rouge, as well as its firefighters and police officers.  CPERS is familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.  CPERS's understanding of the PSLRA's requirements is informed by, among other things, its prior experience as a representative party in a shareholder class action, and conversations with its counsel.  As detailed in the papers accompanying our Lead Plaintiff motion, CPERS has suffered significant losses as a result of the GreenSky securities it purchased during the Class Period.

6.      We have personal knowledge of the facts set forth below, and would testify competently thereto.

7. The Fund Group is highly incentivized to recover the substantial losses suffered as a result of Defendants' alleged violations of the federal securities laws and are committed to actively directing this litigation and maximizing the recovery for the Class.

8. We understand that each of us could have chosen to pursue individual actions, made a motion for the appointment as Lead Plaintiff individually, or could have taken no action and remained absent class members. However, based on our respective financial losses, and in order to gain the advantages of joint decision-making, collective resources, and to provide the Class broad representation, we affirmatively decided that it would be a benefit to ourselves and the class if we jointly sought appointment as Lead Plaintiff. The Fund Group agrees that our joint prosecution of this action will be in the best interests of Class Members. These reasons, along with our commitment to ensure that the Class's claims are efficiently and effectively prosecuted, motivated us to seek appointment with one another.

9. We each understand that we owe a duty to all members of the proposed Class to provide fair and adequate representation. We intend to work with one another and with our chosen counsel to protect the interests of all Class members, and to vigorously prosecute the claims brought forth in this action on behalf of the Class.

10. We do not foresee any problems communicating with one another or staying abreast of the progress of this litigation. Indeed, as part of our effort to formalize our leadership of this action, and our commitment to jointly prosecute the action against Defendants, before seeking appointment as Lead Plaintiff, the Fund Group convened a conference call with our chosen counsel, Cohen Milstein and Scott + Scott, to discuss, among other things: the facts and the merits of the claims against Defendants; our interest in serving jointly as Lead Plaintiff; the benefits our small and cohesive group of institutional investors may provide to the Class; and ensuring that the

Class's claims will be efficiently and zealously prosecuted, without duplicative efforts, by our oversight of our proposed Co-Lead Counsel, Cohen Milstein and Scott + Scott. We believe that a small, cohesive group of experienced institutional investors serving as Lead Plaintiff will have a positive effect on the quality of the representation provided to absent class members.

11. We also discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel, and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently. Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and email, and if necessary, in person. We also understand that some of these meetings may need to be conducted without counsel. To this end, we have exchanged contact information for one another, and will be able to call meetings with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications. We are confident in our ability to reach unanimous decisions regarding litigation matters. If, by chance, we disagree with each other on a significant decision, we will work with our counsel to make sure we overcome our differences to reach an agreement.

12. After careful consideration, we have selected Cohen Milstein and Scott + Scott to serve as Co-Lead Counsel. We are satisfied that our chosen counsel is experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision. We have instructed our counsel to conduct the litigation in an efficient manner and to avoid the duplication of efforts wherever possible. We have been informed that senior lawyers at Cohen Milstein and Scott + Scott who will be involved in this case have known and worked successfully with each other over the course of many years and we therefore are confident that the

firms will work together cooperatively and efficiently in the prosecution of this case. We have instructed our proposed Co-Lead Counsel to provide us with regular updates on the progress of the litigation. We recognize that developments in this case may require more frequent updates, and have instructed counsel to provide updates as frequently as necessary.

13. As set forth above, the Fund Group is committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions as necessary. We take the obligations owed by a Lead Plaintiff to the Class very seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 28th day of January, 2019.

_____
Pete Tonia, Funds Director
**Northeast Carpenters Annuity Fund**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 28th day of January, 2019.

Tyler C. Grossman, Executive Director
**El Paso Firemen & Policemen's Pension Fund**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements related to myself are true and correct.

Executed this 25th day of January, 2019.

_____
Jeffrey R. Yates, Retirement Administrator
**The Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge**

9