UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | No. 1:18-cv-11071 (PAE) |

**UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Todd G. Cosenza
Timothy G. Fleming
787 Seventh Avenue
New York, NY 10019
(212) 728-8677
tcosenza@willkie.com

Elizabeth J. Bower
Sarah M. Wastler
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1252
ebower@willkie.com

*Attorneys for the Underwriter Defendants*

## Table of Contents

Table of Authorities ................................................................................................................................ ii

Preliminary Statement ............................................................................................................................ 1

Statement of Relevant Facts .................................................................................................................. 2

Argument .................................................................................................................................................. 3

    I.      The Section 11 Claims Should Be Dismissed ............................................................... 3

    II.     The Section 12(a)(2) Claims Should Be Dismissed. ................................................... 5

Conclusion ............................................................................................................................................... 7

## Table of Authorities

**Page(s)**

**Cases**

*Boca Raton Firefighters & Police Pension Fund v. Bahash*,
   506 F. App'x 32 (2d Cir. 2012) ................................................................................................4

*Caiafa v. Sea Containers Ltd.*,
   525 F. Supp. 2d 398 (S.D.N.Y. 2007)........................................................................................5

*In re Cosi, Inc. Sec. Litig.*,
   379 F. Supp. 2d 580 (S.D.N.Y. 2005)........................................................................................6

*In re Duane Reade Inc. Sec. Litig.*,
   No. 02 Civ. 6478 (NRB), 2003 WL 22801416 (S.D.N.Y. Nov. 25, 2003) ................................4

*Lopez v. Ctpartners Executive Search Inc.*,
   173 F. Supp. 3d 12 (S.D.N.Y. 2016)..........................................................................................4

*In re Morgan Stanley Info. Fund Sec. Litig.*,
   592 F.3d 347 (2d Cir. 2010).......................................................................................................5

*N.J. Carpenters Health Fund v. DLJ Mortgage Cap. Inc.*,
   No. 08 Civ. 5653(PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ...................................6

*In re Noah Educ. Holdings, Ltd. Sec. Litig.*,
   No. 08 CIV. 9203 (RJS), 2010 WL 1372709 (S.D.N.Y. Mar. 31, 2010) ..................................3

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
   135 S. Ct. 1318 (2015)...............................................................................................................3

*In re Petrobras Sec. Litig.*,
   116 F. Supp. 3d 368 (S.D.N.Y. 2015)........................................................................................5

*Pinter v. Dahl*,
   486 U.S. 622 (1988)...................................................................................................................5

*In re ProShares Tr. Sec. Litig.*,
   728 F.3d 96, 102 (2d Cir. 2013).................................................................................................4

*In re Sanofi Sec. Litig.*,
   87 F. Supp. 3d 510 (S.D.N.Y. 2015)..........................................................................................2

*Stadnick v. Vivint Solar, Inc.*,
   Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757 (S.D.N.Y. Dec. 10,
   2015) ..........................................................................................................................................3

*Stadnick v. Vivint Solar, Inc.*,
    861 F.3d 31 (2d Cir. 2017)..........................................................................................3, 4

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016)................................................................................................4

*In re UBS AG Sec. Litig.*,
    No. 07 CIV. 11225 RJS, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom.
    City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir.
    2014) ...........................................................................................................................5, 6, 7

**Statutes**

15 U.S.C § 77l(a)(2)..................................................................................................................5

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 7

Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SunTrust Robinson Humphrey, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (collectively, the "Underwriter Defendants") respectfully submit this motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") fails to state a claim under Sections 11 or 12(a)(2) of the Securities Act of 1933 ("1933 Act").

## Preliminary Statement

Plaintiffs seek to pursue claims under Sections 11 and 12 of the 1933 Act against the Underwriter Defendants for an initial public offering of GreenSky, Inc.'s ("GreenSky") common stock that occurred on May 24, 2018. Plaintiffs, however, fail to identify any actionable misstatement or omission on which to base their claims. The allegations in the Complaint principally rely on purported omissions of two facts—that (1) solar panel merchants generally paid GreenSky higher transaction fee rates than merchants in other sectors and, thus, (2) GreenSky's decision to shift its business away from solar merchants (and into the elective healthcare space) would negatively impact GreenSky's "overall transaction fee rates." (Compl. ¶¶ 5, 52, 53, 70, 74.) But Plaintiffs' alleged omissions theory makes no sense. As detailed below and in the Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Complaint submitted by GreenSky and the Individual Defendants[1] (the "GreenSky Defendants' Memorandum"), the Defendants had no duty to disclose such information and, even if they did, these facts were amply disclosed in GreenSky's Offering Documents.

---

[1] Any defined terms not defined herein have the same definitions set forth in the GreenSky Defendants' Memorandum.

1

In the interest of judicial economy, the Underwriter Defendants join in and incorporate the arguments set forth in the GreenSky Defendants' Memorandum.  As set forth in that Memorandum, the Complaint fails to state a claim on multiple grounds.  First, Plaintiffs have not adequately pled that Defendants had a duty to disclose the allegedly omitted information.  Second, the Offering Documents adequately disclosed that (1) GreenSky had actively reduced its business with solar panel merchants, (2) GreenSky's increased focus on elective healthcare came with inherent risks, and (3) GreenSky had experienced a reduction in its transaction fee rate in the two years leading up to the IPO.  Third, any alleged misstatements are nonactionable puffery, opinion, or statements of historical performance, or are otherwise protected by the bespeaks caution doctrine.  Fourth, even assuming such information was omitted or misstated (and it was not), those omissions or misstatements were immaterial as a matter of law.

In addition, Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants fail for another reason.  Plaintiffs have not pled facts demonstrating that they have standing to pursue these claims against the Underwriter Defendants.  Specifically, Plaintiffs fail to plead that they purchased their shares from the Underwriter Defendants in the IPO, and, therefore, Plaintiffs lack standing to bring a Section 12 claim against the Underwriter Defendants.

## Statement of Relevant Facts[2]

The Underwriter Defendants hereby incorporate by reference, as if fully set forth herein, the Statement of Relevant Facts contained in the GreenSky Defendants' Memorandum.

---

[2]  Upon a motion to dismiss, well-pleaded allegations are presumed true, but the Court need not credit conclusory allegations.  *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 517 n.1 (S.D.N.Y. 2015) (Engelmayer, J.).  In addition to the complaint itself, a court may consider all documents referenced therein.  *Id.*

**Argument**

I.   **THE SECTION 11 CLAIMS SHOULD BE DISMISSED.**

For the reasons set forth in Part I of the GreenSky Defendants' Memorandum, in which the Underwriter Defendants join, Plaintiffs fail to adequately plead a Section 11 claim.

First, GreenSky had no duty pursuant to Items 303 or 503 to disclose the allegedly omitted information. (GreenSky Defendants' Memorandum at 13–15; *Stadnick v. Vivint Solar, Inc.*, Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757, at *13 (S.D.N.Y. Dec. 10, 2015) (holding that a trend must reflect "persistent conditions" that would cause reported financial results to no longer indicate the company's future financial condition) (internal quotations omitted); *In re Noah Educ. Holdings, Ltd. Sec. Litig.*, No. 08 CIV. 9203 (RJS), 2010 WL 1372709, at *6 (S.D.N.Y. Mar. 31, 2010) ("Item 303 does not require companies to disclose isolated occurrences").) Nor was the information necessary to make other statements in the Offering Documents not misleading. (GreenSky Defendants' Memorandum at 15–16; *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1328–29 (2015) (requiring particularized allegations that the omitted information "conflict[s] with what a reasonable investor would take from the statement itself").)

Next, even if GreenSky had a duty to disclose the information—which it did not—the Offering Documents adequately disclosed that GreenSky had reduced its business with solar panel merchants and that GreenSky had experienced a reduction in its transaction fee rate in the two years leading up to the IPO. (GreenSky Defendants' Memorandum at 16–18, *Stadnick v. Vivint Solar*, 861 F.3d 31, 38–39 (2d Cir. 2017) (the alleged omitted information was consistent with historical fluctuations).)

Additionally, Plaintiffs fail to allege any actionable misrepresentations. To the extent the Underwriter Defendants can discern the alleged misstatements from Plaintiffs' vague

3

pleadings, the statements all fit under the nonactionable categories of puffery, opinion, or accurate statements of historical performance, or are otherwise protected by the bespeaks caution doctrine. (GreenSky Defendants' Memorandum at 19–23; *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 37 (2d Cir. 2012); *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016); *In re Duane Reade Inc. Sec. Litig.*, No. 02 Civ. 6478 (NRB), 2003 WL 22801416, at *6 (S.D.N.Y. Nov. 25, 2003); *Lopez v. Ctpartners Executive Search Inc.*, 173 F. Supp. 3d 12, 39 (S.D.N.Y. 2016).) This Court should not credit those allegations.

Finally, any allegedly omitted or misstated information was immaterial as a matter of law. First, Plaintiffs focus entirely on alleged omissions regarding transaction fee rates which both distorts GreenSky's revenue model and ignores the ample disclosures made by GreenSky with respect to transaction fee volume, a metric which is more predictive of GreenSky's overall performance. (GreenSky Defendants' Memorandum at 18–19; *Stadnick*, 861 F.3d at 38–39 (dismissing claims based on alleged omissions about "income available to shareholders" and "earnings-per-share" when defendants disclosed "*total* revenue and *total* income," which were "more accurate indicator[s] of the company's performance").) In the face of the disclosures as to transaction fee volume, any omissions regarding the rate are not materially misleading, as they would not have altered the "total mix" of information available. (GreenSky Defendants' Memorandum at 12, 18–19; *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102, 104 (2d Cir. 2013).) Second, Plaintiffs are incorrect that GreenSky's post-IPO earnings and analyst reports confirm the materiality of the reduced transaction fee rate. If anything, GreenSky's third quarter earnings suggest the opposite. Although Plaintiffs allege a third quarter "decline in the company's reported adjusted EBITDA in the months following the IPO" (Compl. ¶ 117–21), the record is clear that GreenSky's transaction fee rate actually *increased* in the same quarter.

4

(GreenSky Defendants' Memorandum at 19.)  Further information about the rate, therefore, would not have been material.

For the reasons set forth above, and more fully in Part I of GreenSky Defendants' Memorandum, Plaintiffs' Section 11 claims should be dismissed.

## II.     THE SECTION 12(A)(2) CLAIMS SHOULD BE DISMISSED.

In addition to the reasons stated above and in Part I of the GreenSky Defendants' Memorandum, Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants should be dismissed for the independent reason that Plaintiffs have failed to plead facts demonstrating that they have standing to bring such claims.  Section 12(a)(2) creates a cause of action against a party that "offers or sells a security . . . by means of a prospectus," but it also provides that such a party shall be liable only "to the person purchasing such security from him."  15 U.S.C § 77l(a)(2).  Courts have thus held that "[s]tanding to assert a 12(a)(2) claim is limited to persons who directly purchase securities from the defendant in a public offering, rather than on the secondary market."  *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 384 (S.D.N.Y. 2015); *Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 407 (S.D.N.Y. 2007) (same).  Section 12 claims may be asserted only against an "immediate seller" who either (i) directly sold securities at issue to a named plaintiff or (ii) successfully solicited a purchase by a named plaintiff for financial gain.  *Pinter v. Dahl*, 486 U.S. 622, 643 n.21 (1988); *see also In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010);  *In re UBS AG Sec. Litig.*, No. 07 CIV. 11225 RJS, 2012 WL 4471265, at *25 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) (dismissing a Section 12(a)(2) claim against underwriter defendants where complaint was "devoid of any mention of the manner in which the underwriters solicited the sale of securities or whether any of its solicitations were actually successful").  Neither prong is met here.

1.       Plaintiffs Do Not Allege That They Purchased Securities From Any Of The Underwriter Defendants.

To begin with, the Complaint fails to adequately allege that the Lead Plaintiffs even purchased their shares *in* the IPO, alleging only that "Lead Plaintiffs purchased shares of GreenSky Class A common stock issued pursuant *and/or traceable to* the Registration Statement and Prospectus." (Compl. ¶ 20 (emphasis added); *see id.* ¶¶ 144, 160.) Courts in this District have declined to find standing based on such language because it does "not allege[] that they purchased their shares in the IPO." *In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 589 (S.D.N.Y. 2005).

Plaintiffs fail to allege that they purchased their shares from the Underwriter Defendants, attempting to use the "evasive circumlocution" quoted above. *N.J. Carpenters Health Fund v. DLJ Mortgage Cap. Inc.*, No. 08 Civ. 5653(PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (citation omitted). Nowhere do Plaintiffs plead that they purchased shares from the Underwriter Defendants, and "it is well established that if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *25 (internal quotations omitted). Absent allegations that the Plaintiffs purchased their shares from any of the Underwriter Defendants, none of them can bring claims against those defendants under the direct purchase prong. *Id.* at *26–27.

2.       Plaintiffs Have Not Alleged That The Underwriter Defendants "Solicited" Them For Purchase Of GreenSky Securities.

Nor can Plaintiffs establish standing through the solicitation prong. Plaintiffs do not allege that the Underwriter Defendants successfully solicited the sale of securities from any of the named plaintiffs. Rather, Plaintiffs merely allege that the Underwriter Defendants "participated in drafting the Offering Documents, caused the Offering Documents to be filed

with the SEC and to be declared effective in connection with the Offering, and participated in the dissemination of the Offering Documents" and that the Underwriter Defendants, along with GreenSky, "promoted and sold GreenSky Class A common stock to Lead Plaintiffs and other members of the Class through the Prospectus." (Compl. ¶¶ 42, 167.) Courts routinely reject efforts by plaintiffs to satisfy the solicitation prong by alleging nothing more than the underwriter defendants playing a role in the drafting and disseminating of offering materials. *See In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *25–26 (plaintiff failed to allege that any of the underwriter defendants "specifically and successfully solicited its purchases") (internal quotations omitted).[3] Absent allegations that the Underwriter Defendants were directly involved in the actual solicitation of their purchase of securities, Plaintiffs' Section 12(a)(2) claim against the Underwriter Defendants must fail. *Id.* at *27 (dismissing a Section 12(a)(2) claim against underwriter defendants where complaint was "devoid of any mention of the manner in which the underwriters solicited the sale of securities or whether any of its solicitations were actually successful").

This Court should dismiss Plaintiffs' 12(a)(2) claims on the basis that Plaintiffs lack standing to bring them.

## Conclusion

For the foregoing reasons and the reasons stated in the GreenSky Defendants' Memorandum, the Underwriter Defendants respectfully request an order from this Court dismissing the Complaint in its entirety with prejudice pursuant to Rule 12(b)(6).

---

[3] In cases where plaintiffs have stated a claim against underwriter defendants, the complaints at issue contained a "degree of detail" not present here, including "allegations regarding the underwriter defendants' specific solicitation at 'road show' meetings" or "allegations regarding the transfer of title to plaintiffs . . . " *In re UBS Sec. Litig.*, 2012 WL 4471265, at *27.

June 13, 2019

        WILLKIE FARR & GALLAGHER LLP

By: <u>/s/ Todd G. Cosenza</u>
   Todd G. Cosenza
   Timothy G. Fleming
   787 Seventh Avenue
   New York, NY 10019
   (212) 728-8677
   tcosenza@willkie.com

   Elizabeth J. Bower
   Sarah M. Wastler
   1875 K Street, N.W.
   Washington, D.C. 20006
   (202) 303-1252
   ebower@willkie.com

*Attorneys for the Underwriter Defendants*