UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | No. 1:18-cv-11071 (PAE) |

**UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED
CLASS ACTION COMPLAINT**

Todd G. Cosenza
Timothy G. Fleming
787 Seventh Avenue
New York, NY 10019
(212) 728-8677
tcosenza@willkie.com

Elizabeth J. Bower
Sarah M. Wastler
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1252
ebower@willkie.com

*Attorneys for the Underwriter Defendants*

**Table of Contents**

Table of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................. 1

Statement of Relevant Facts .................................................................................................... 3

Argument ................................................................................................................................. 3

I.       The Section 11 Claims Should Be Dismissed ................................................................. 3

II.      The Section 12(a)(2) Claims Should Be Dismissed. ...................................................... 5

Conclusion ............................................................................................................................... 8

## Table of Authorities

**Page(s)**

**Cases**

*Boca Raton Firefighters & Police Pension Fund v. Bahash*,
  506 F. App'x 32 (2d Cir. 2012) ...................................................................................4

*In re Bristol-Myers Squibb Sec. Litig.*,
  312 F. Supp. 2d 549 (S.D.N.Y. 2004) ..........................................................................7

*Caiafa v. Sea Containers Ltd.*,
  525 F. Supp. 2d 398 (S.D.N.Y. 2007) ..........................................................................6

*In re Duane Reade Inc. Sec. Litig.*,
  No. 02 Civ. 6478 (NRB), 2003 WL 22801416 (S.D.N.Y. Nov. 25, 2003) .......................4

*Lopez v. Ctpartners Executive Search Inc.*,
  173 F. Supp. 3d 12 (S.D.N.Y. 2016) .............................................................................4

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010) .........................................................................................6

*In re Noah Educ. Holdings, Ltd. Sec. Litig.*,
  No. 08 CIV. 9203 (RJS), 2010 WL 1372709 (S.D.N.Y. Mar. 31, 2010) ...........................3

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
  135 S. Ct. 1318 (2015) .................................................................................................3

*In re Petrobras Sec. Litig.*,
  116 F. Supp. 3d 368 (S.D.N.Y. 2015) ..........................................................................6

*Pinter v. Dahl*,
  486 U.S. 622 (1988) .....................................................................................................6

*In re ProShares Tr. Sec. Litig.*,
  728 F.3d 96, 102 (2d Cir. 2013) ...................................................................................5

*In re Sanofi Sec. Litig.*,
  87 F. Supp. 3d 510 (S.D.N.Y. 2015) ............................................................................3

*Stadnick v. Vivint Solar, Inc.*,
  Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757 (S.D.N.Y. Dec. 10,
  2015) .............................................................................................................................4

*Stadnick v. Vivint Solar, Inc.*,
  861 F.3d 31 (2d Cir. 2017) .......................................................................................3, 4

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016).............................................................................4

*In re UBS AG Sec. Litig.*,
    No. 07 CIV. 11225 RJS, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom.*
    *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir.
    2014) ....................................................................................................6, 7

Statutes

15 U.S.C § 77l(a)(2).......................................................................................6

Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SunTrust Robinson Humphrey, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (collectively, the "Underwriter Defendants") respectfully submit this motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs' Consolidated Second Amended Class Action Complaint (the "Second Amended Complaint" or "SAC") fails to state a claim under Sections 11 or 12(a)(2) of the Securities Act of 1933 ("1933 Act").

### Preliminary Statement

Plaintiffs seek to pursue claims under Sections 11 and 12 of the 1933 Act against the Underwriter Defendants for an initial public offering of GreenSky, Inc.'s ("GreenSky") common stock that occurred on May 24, 2018.   Plaintiffs, however, fail to identify any actionable misstatement or omission on which to base their claims.   The allegations in the SAC principally rely on purported omissions of two facts—that (1) solar panel merchants generally paid GreenSky higher transaction fee rates than merchants in other sectors and, thus, (2) GreenSky's decision to shift its business away from solar merchants (and into the elective healthcare space) would negatively impact GreenSky's "overall transaction fee rates."  (SAC ¶¶ 5, 52, 53, 70, 74.) But Plaintiffs' alleged omissions theory makes no sense.   As detailed below and in the Memorandum of Law in Support of Their Motion to Dismiss the Consolidated Second Amended Complaint submitted by GreenSky and the Individual Defendants[1] (the "GreenSky Defendants'

---

[1]   Any defined terms not defined herein have the same definitions set forth in the GreenSky Defendants' Memorandum.

Memorandum"), the Defendants had no duty to disclose such information and, even if they did, these facts were amply disclosed in GreenSky's Offering Documents.

In the interest of judicial economy, the Underwriter Defendants join in and incorporate the arguments set forth in the GreenSky Defendants' Memorandum.  As set forth in that Memorandum, the SAC fails to state a claim on multiple grounds.  First, Plaintiffs have not adequately pled that Defendants had a duty to disclose the allegedly omitted information. Second, the Offering Documents adequately disclosed that (1) GreenSky had actively reduced its business with solar panel merchants, (2) GreenSky's increased focus on elective healthcare came with inherent risks, and (3) GreenSky had experienced a reduction in its transaction fee rate in the two years leading up to the IPO.  Third, any alleged misstatements are nonactionable puffery, opinion, or statements of historical performance, or are otherwise protected by the bespeaks caution doctrine.  Fourth, even assuming such information was omitted or misstated (and it was not), those omissions or misstatements were immaterial as a matter of law.

In addition, Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants fail. First, as set forth in the GreenSky Defendants' Memorandum, Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge's ("CPERS") purchased and sold its shares on the day of the GreenSky IPO, months before the Second Amended Complaint alleges the "truth" began to emerge.  As a result, CPERS purported loss cannot be attributed to any 1933 Act violation.  Next, Plaintiffs have not pled facts demonstrating that they have standing to pursue Section 12(a)(2) claims against the Underwriter Defendants.  Specifically, Plaintiffs fail to include sufficient factual allegations in their Second Amended Complaint to plead that they were solicited by or purchased their shares from the

Underwriter Defendants in the IPO, and, therefore, Plaintiffs lack standing to bring a Section 12 claim against the Underwriter Defendants.

**Statement of Relevant Facts[2]**

The Underwriter Defendants hereby incorporate by reference, as if fully set forth herein, the Statement of Relevant Facts contained in the GreenSky Defendants' Memorandum.

**Argument**

## I.    THE SECTION 11 CLAIMS SHOULD BE DISMISSED.

For the reasons set forth in Part I of the GreenSky Defendants' Memorandum, in which the Underwriter Defendants join, Plaintiffs fail to adequately plead a Section 11 claim.

First, GreenSky had no duty pursuant to Items 303 or 503 to disclose the allegedly omitted information.  (GreenSky Defendants' Memorandum at 13–15; *Stadnick v. Vivint Solar, Inc.*, Nos. 14-cv-9238 (KBF), 14-cv-9709 (KBF), 2015 WL 8492757, at *13 (S.D.N.Y. Dec. 10, 2015) (holding that a trend must reflect "persistent conditions" that would cause reported financial results to no longer indicate the company's future financial condition) (internal quotations omitted); *In re Noah Educ. Holdings, Ltd. Sec. Litig.*, No. 08 CIV. 9203 (RJS), 2010 WL 1372709, at *6 (S.D.N.Y. Mar. 31, 2010) ("Item 303 does not require companies to disclose isolated occurrences").)  Nor was the information necessary to make other statements in the Offering Documents not misleading.  (GreenSky Defendants' Memorandum at 15–16; *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1328–29 (2015) (requiring particularized allegations that the omitted information "conflict[s] with what a reasonable investor would take from the statement itself").)

---

[2]    Upon a motion to dismiss, well-pleaded allegations are presumed true, but the Court need not credit conclusory allegations.  *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 517 n.1 (S.D.N.Y. 2015) (Engelmayer, J.).  In addition to the complaint itself, a court may consider all documents referenced therein.  *Id.*

Next, even if GreenSky had a duty to disclose the information—which it did not—the Offering Documents adequately disclosed that GreenSky had reduced its business with solar panel merchants and that GreenSky had experienced a reduction in its transaction fee rate in the two years leading up to the IPO.  (GreenSky Defendants' Memorandum at 16–18, *Stadnick v. Vivint Solar*, 861 F.3d 31, 38–39 (2d Cir. 2017) (the alleged omitted information was consistent with historical fluctuations).)

Additionally, Plaintiffs fail to allege any actionable misrepresentations.  To the extent the Underwriter Defendants can discern the alleged misstatements from Plaintiffs' vague pleadings, the statements all fit under the nonactionable categories of puffery, opinion, or accurate statements of historical performance, or are otherwise protected by the bespeaks caution doctrine.  (GreenSky Defendants' Memorandum at 19–23; *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 37 (2d Cir. 2012); *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016); *In re Duane Reade Inc. Sec. Litig.*, No. 02 Civ. 6478 (NRB), 2003 WL 22801416, at *6 (S.D.N.Y. Nov. 25, 2003); *Lopez v. Ctpartners Executive Search Inc.*, 173 F. Supp. 3d 12, 39 (S.D.N.Y. 2016).)  This Court should not credit those allegations.

Finally, any allegedly omitted or misstated information was immaterial as a matter of law.  First, Plaintiffs focus entirely on alleged omissions regarding transaction fee rates which both distorts GreenSky's revenue model and ignores the ample disclosures made by GreenSky with respect to transaction fee volume, a metric which is more predictive of GreenSky's overall performance.  (GreenSky Defendants' Memorandum at 18–19; *Stadnick*, 861 F.3d at 38–39 (dismissing claims based on alleged omissions about "income available to shareholders" and "earnings-per-share" when defendants disclosed "*total* revenue and *total* income," which were "more accurate indicator[s] of the company's performance").)  In the face of the disclosures as to

4

transaction fee volume, any omissions regarding the rate are not materially misleading, as they would not have altered the "total mix" of information available.  (GreenSky Defendants' Memorandum at 12, 18–19; *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102, 104 (2d Cir. 2013).)  Second, Plaintiffs are incorrect that GreenSky's post-IPO earnings and analyst reports confirm the materiality of the reduced transaction fee rate.  If anything, GreenSky's third quarter earnings suggest the opposite.   Although Plaintiffs allege a third quarter "decline in the company's reported adjusted EBITDA in the months following the IPO" (SAC ¶¶ 117–21), the record is clear that GreenSky's transaction fee rate actually *increased* in the same quarter. (GreenSky Defendants' Memorandum at 19.)   Further information about the rate, therefore, would not have been material.

For the reasons set forth above, and more fully in Part I of GreenSky Defendants' Memorandum, Plaintiffs' Section 11 claims should be dismissed.

## II.     THE SECTION 12(A)(2) CLAIMS SHOULD BE DISMISSED.

For the reasons set forth in Part II of the GreenSky Defendants' Memorandum, in which the Underwriter Defendants join, Plaintiffs fail to adequately plead a Section 12(a)(2) claim.   As the GreenSky Defendants point out, Lead Plaintiff CPERS has admitted that it purchased and sold its chares on the same day, the day of GreenSky's IPO.   Given that the Second Amended Complaint alleges that the "truth" about GreenSky's business mix began to emerge in August 2018 (three months after GreenSky's IPO), any alleged loss could not have been caused by any misrepresentations or omissions.  (GreenSky Defendants' Memorandum at 24-25.)

In addition to the reasons stated above and in Part I of the GreenSky Defendants' Memorandum, Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants should be dismissed for the independent reason that Plaintiffs have failed to plead sufficient facts

demonstrating that they have standing to bring such claims. Recognizing that the Section 12 allegations in the prior complaint were fatally flawed, Plaintiffs amended (pursuant to a stipulation) for the express purpose of attempting to fix their deficient Section 12(a)(2) claim. Plaintiffs' lone factual amendment concerning the Underwriter Defendants is the allegation that "Lead Plaintiffs and the Class purchased shares in the Offering from the Underwriter Defendants." (*Id.* ¶ 20.) This vague and conclusory amended allegation is still inadequate to establish Plaintiffs' standing to bring Section 12 claims against the Underwriter Defendants.

Section 12(a)(2) creates a cause of action against a party that "offers or sells a security . . . by means of a prospectus," but it also provides that such a party shall be liable only "to the person purchasing such security from him." 15 U.S.C § 77l(a)(2). Courts have thus held that "[s]tanding to assert a 12(a)(2) claim is limited to persons who directly purchase securities from the defendant in a public offering, rather than on the secondary market." *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 384 (S.D.N.Y. 2015); *Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 407 (S.D.N.Y. 2007) (same). Section 12 claims thus may be asserted only against an "immediate seller" who either (i) directly sold securities at issue to a named plaintiff or (ii) successfully solicited a purchase by a named plaintiff for financial gain. *Pinter v. Dahl*, 486 U.S. 622, 643 n.21 (1988); *see also In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010); *In re UBS AG Sec. Litig.*, No. 07 CIV. 11225 RJS, 2012 WL 4471265, at *25 (S.D.N.Y. Sept. 28, 2012) (Sullivan, J.), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) (dismissing a Section 12(a)(2) claim against underwriter defendants where complaint was "devoid of any mention of the manner in which the underwriters solicited the sale of securities or whether any of its solicitations were actually successful"). Plaintiffs cannot satisfy this standard.

1.      Plaintiffs' Amended Allegations Still Lack The Specificity Required To Establish Standing Against The Underwriter Defendants.

Plaintiffs attempt to save their section 12 claim by asserting that "Lead Plaintiffs and the Class purchased shares in the Offering from the Underwriter Defendants."   (SAC ¶ 20.) Plaintiffs' revised language—added only after Defendants moved to dismiss this claim—is insufficient to save their pleading.   As an initial matter, Plaintiffs acknowledge that at least one Lead Plaintiff, El Paso, did not purchase shares in the Offering from the Underwriter Defendants (SAC ¶ 165 n.10 (indicating that Lead Plaintiff El Paso does not join Plaintiffs Section 12(a)(2) claim)).   *See In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004) ("The court need not accept as true an allegation that is contradicted by documents on which the complaint relies.").

And, as to the other Lead Plaintiffs, their perfunctory amendment is lacking in facts and too summary to state a Section 12(a) claim.   Indeed, the Second Amended Complaint is devoid of the "degree of detail" required to put Underwriter Defendants "on notice as to the fair basis of the claims against them."   *In re UBS AG Sec. Litig.*, 2012 WL 4471265 at *26 (internal quotations omitted).   Absent from the Second Amended Complaint (as well as the allegations in *In re UBS*) are any "allegations regarding the underwriter defendants' specific solicitation at 'road show' meetings," or specific "allegations regarding the transfer of title to plaintiffs" or the "specific Underwriter Defendant" from which the plaintiffs purportedly purchased their shares. *Id.* (internal quotations omitted).   As a result, this Court should dismiss Plaintiffs' 12(a)(2) claims against Underwriter Defendants on the basis that Plaintiffs lack standing to bring them.

<u>**Conclusion**</u>

For the foregoing reasons and the reasons stated in the GreenSky Defendants'
Memorandum, the Underwriter Defendants respectfully request an order from this Court
dismissing the Second Amended Complaint in its entirety with prejudice pursuant to Rule
12(b)(6).

July 3, 2019

WILLKIE FARR & GALLAGHER LLP

By: _/s/  Todd G. Cosenza_
   Todd G. Cosenza
   Timothy G. Fleming
   787 Seventh Avenue
   New York, NY 10019
   (212) 728-8677
   tcosenza@willkie.com


   Elizabeth J. Bower
   Sarah M. Wastler
   1875 K Street, N.W.
   Washington, D.C. 20006
   (202) 303-1252
   ebower@willkie.com

   *Attorneys for the Underwriter Defendants*