UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GREENSKY SECURITIES LITIGATION

No. 1:18-cv-11071 (PAE)

**UNDERWRITER DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

Todd G. Cosenza
Timothy G. Fleming
787 Seventh Avenue
New York, NY 10019
(212) 728-8677
tcosenza@willkie.com

Elizabeth J. Bower
Sarah M. Wastler
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1252
ebower@willkie.com

*Attorneys for the Underwriter Defendants*

**Table of Contents**

Preliminary Statement.................................................................................................................1

ARGUMENT ...............................................................................................................................2

I.      The Section 11 Claims Should Be Dismissed..................................................................2

II.     The Section 12(a)(2) Claims Should Be Dismissed. ........................................................3

Conclusion ...................................................................................................................................5

## Table of Authorities

**Cases**                                                                              **Page(s)**

*Blackmoss Invs. Inc. v. ACA Cap. Holdings, Inc.*,
    No. 07-Civ. 10528, 2010 WL 148617 (S.D.N.Y. Jan. 14, 2010) ......................................2

*DeMaria v. Andersen*,
    318 F.3d 170 (2d Cir. 2003)................................................................................................3

*In re Duane Reade Inc. Sec. Litig.*,
    No. 02-Civ.-6478(NRB), 2003 WL 22801416 (S.D.N.Y. Nov. 25, 2003).........................3

*Nurlybayev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-6130-LTS-SN, 2019 WL 3219451 (S.D.N.Y. July 17, 2019) ........................2

*In re Sanofi Sec. Litig.*,
    87 F. Supp. 3d 510 (S.D.N.Y. 2015)..................................................................................3

*In re UBS AG Sec. Litig.*,
    No. 07-CIV.-11225 RJS, 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012), a*ff'd sub nom.
    City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir.
    2014) ...................................................................................................................................4

*In re WorldCom, Inc. Sec. Litig.*,
    294 F. Supp. 2d 392 (S.D.N.Y. 2003)................................................................................4

Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SunTrust Robinson Humphrey, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (collectively, the "Underwriter Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint (the "Second Amended Complaint" or "SAC").

## Preliminary Statement

In their opening briefs, the Underwriter Defendants, as well as GreenSky Defendants, established that Plaintiffs failed to state a claim under Sections 11 or 12(a)(2) of the Securities Act of 1933 (the "1933 Act").  As the GreenSky Defendants explain in their reply memorandum of law (the "GreenSky Defendants' Reply"), which Underwriter Defendants join and incorporate by reference, Plaintiffs have failed to rebut those arguments.

Plaintiffs' Section 11 claim is deficient for three independent reasons.  First, Plaintiffs cannot show that disclosure of the allegedly omitted material information was required either to make the Offering Documents "complete and accurate" or, independently, under SEC regulations.  Second, all of the allegedly affirmative misrepresentations identified by Plaintiffs are inactionable as a matter of law.  Third, Plaintiffs fail to adequately allege materiality.  That is, given GreenSky's various disclosures, the purportedly omitted information would not have been viewed by a reasonable investor as significantly altering the total mix of information in the market.

Plaintiffs have also failed to sufficiently allege a Section 12(a)(2) claim. As explained in the GreenSky Defendants' Reply, the Section 12(a)(2) claim must be dismissed for the same reasons as the Section 11 claims.  Further, the Section 12(a)(2) claim brought by Plaintiff

CPERS must be dismissed, because CPERS cannot establish that it suffered any losses attributable to the alleged misstatements or omissions.  Moreover, as the Underwriter Defendants explained in their opening brief, the Section 12(a)(2) claim against Underwriter Defendants must be dismissed for the additional reason that Plaintiffs fail to sufficiently plead statutory standing. Plaintiffs' assertions that they purchased shares and the Underwriter Defendants sold shares in GreenSky's IPO—devoid of any allegations as to whether or how the Underwriter Defendants sold or solicited shares to the named Plaintiffs—fail to meet the pleading standards for a Section 12(a)(2) claim.  Accordingly, that claim should be dismissed.

## ARGUMENT

### I.      The Section 11 Claim Should Be Dismissed.

For the reasons set forth in Part I of the GreenSky Defendants' Reply, which the Underwriter Defendants hereby incorporate by reference, Plaintiffs fail to adequately plead a Section 11 claim.

First, Plaintiffs fail to allege that Defendants omitted material information from the Offering Documents or that the allegedly omitted information was necessary to make the Offering Documents "complete and accurate." (GreenSky Defendants' Reply at 2-4; *Nurlybayev v. ZTO Express (Cayman) Inc.*, No. 17-CV-6130-LTS-SN, 2019 WL 3219451, at *2-3, 5 (S.D.N.Y. July 17, 2019).)  Moreover, disclosure was not required under Item 303 of Regulation S-K because there was *no* undisclosed trend and Plaintiffs fail to plead that the GreenSky Defendants *knew* about any purported undisclosed trend.  (GreenSky Defendants' Reply at 4-5; *Blackmoss Invs. Inc. v. ACA Cap. Holdings, Inc.*, No. 07-Civ-10528, 2010 WL 148617, at *9 (S.D.N.Y. Jan. 14, 2010).)

Second, all of the alleged misstatements identified by Plaintiffs are inactionable as a matter of law.  These alleged misstatements constitute corporate puffery, opinion, and accurate

statements of historical performance, or are otherwise protected by the bespeaks caution doctrine.  (GreenSky Defendants' Reply at 5-8; *See In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 531 (S.D.N.Y. 2015); *In re Duane Reade Inc. Sec. Litig.*, No. 02-Civ.-6478 (NRB), 2003 WL 22801416, at *6 (S.D.N.Y. Nov. 25, 2003) (citation omitted); *DeMaria v. Andersen*, 318 F.3d 170, 181 (2d Cir. 2003).)

Third, Plaintiffs fail to allege materiality, because they do not adequately plead that a reasonable investor would have viewed the purportedly omitted information as significantly altering the total mix of information in the market, given GreenSky's detailed disclosures. (GreenSky Defendants' Reply at 8-10.)   Further, the post-IPO statements about post-IPO developments that Plaintiffs cite cannot establish materiality.  (GreenSky Defendants' Reply at 9.)   Nor can the stock drop following GreenSky's alleged corrective disclosure establish the materiality of the allegedly omitted information, because, in fact, GreenSky disclosed *increased* transaction fee rates on the same day as the drop.  (GreenSky Defendants' Reply at 10.)

## II.      The Section 12(a)(2) Claim Should Be Dismissed.

As explained in Part II of the GreenSky Defendants' Reply, which the Underwriter Defendants hereby join and incorporate by reference, Plaintiffs Section 12(a)(2) claim must be dismissed for all the same reasons as their Section 11 claim.  (GreenSky Defendants' Reply at 10.) Additionally, any losses suffered by Lead Plaintiff CPERS could not possibly have been caused by the market's reaction to learning the "truth" about GreenSky's business mix, as the alleged revelations only occurred months after CPERS sold its shares.  (GreenSky Defendants' Reply at 10.)

And, as explained in the Underwriter Defendants' opening brief, Plaintiffs failed to plead with specificity the requisite facts required to establish standing to assert a Section 12(a)(2) claim against the Underwriter Defendants.  (Underwriter Defendants' Memorandum at 6-7.)

Plaintiffs rely on their allegation "that the Lead Plaintiffs and the Class purchased shares in the Offering from the Underwriter Defendants" as sufficient to satisfy the pleading requirements. (Plaintiffs' Opposition at 24.)   However, the Court should not credit this argument, because Plaintiffs' own pleadings establish that statement as inaccurate.   (Underwriter Defendants' Memorandum at 7.)   Indeed, one of the Lead Plaintiffs, El Paso, no longer asserts a Section 12(a)(2) claim for precisely that reason—they *did not* purchase shares from Underwriter Defendants in the IPO.  (Underwriter Defendants' Memorandum at 7.)

The remaining named plaintiffs argue that "a plaintiff need not identify which underwriter sold to a specific named party," relying heavily on this Court's decision in *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 423 (S.D.N.Y. 2003).  But, in *In re UBS AG Sec. Litig.*, which was issued after *In re WorldCom*, this court rejected exactly the same argument based on the same authority.   No. 07-CIV.-11225 RJS, 2012 WL 4471265, at *27 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) (noting that "[i]n opposition, Lead Plaintiff points to two cases for the proposition that courts within the Second Circuit do not require that the putative class representative identify the specific underwriter from which it purchased shares.") (internal quotations omitted).  The *In re UBS* court held that, unlike the complaint in *In re Worldcom*, the complaint there was "devoid of any mention of the manner in which the underwriters solicited the sale of securities or whether any of its solicitations were actually successful" or detail regarding "the underwriters' participation in each offering at issue." *Id.*  The same is true with the Complaint here.  Because the Second Amended Complaint lacks the specificity required to establish Section 12 standing against the Underwriter Defendants, the count should be dismissed.

## <u>Conclusion</u>

For the foregoing reasons, the reasons stated in the GreenSky Defendants' Reply, and the reasons stated in the Underwriter Defendants and GreenSky Defendants' opening briefs, the Underwriter Defendants request an order from this Court dismissing the Second Amended Complaint in its entirety with prejudice pursuant to Rule 12(b)(6).

August 6, 2019

WILLKIE FARR & GALLAGHER LLP

By: _/s/  Todd G. Cosenza_
Todd G. Cosenza
Timothy G. Fleming
787 Seventh Avenue
New York, NY 10019
(212) 728-8677
tcosenza@willkie.com


Elizabeth J. Bower
Sarah M. Wastler
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1252
ebower@willkie.com

*Attorneys for the Underwriter Defendants*

5