```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In Re:
                                          18-cv-11071 (AKH)
GREENSKY SECURITIES LITIGATION
                                          Conference

------------------------------x

                                          New York, N.Y.
                                          January 23, 2020
                                          3:25 p.m.

Before:

                HON. ALVIN K. HELLERSTEIN

                                          District Judge


                    APPEARANCES

COHEN MILSTEIN SELLERS & TOLL PLLC
     Attorneys for Plaintiff Class
BY:  STEVEN J. TOLL, ESQ.
     STEPHEN D. BUNCH, ESQ.
     ALICE BUTTRICK, ESQ.
          -and-
SCOTT & SCOTT LLP
     Attorneys for Plaintiff Class
BY:  MAX SCHWARTZ, ESQ.

CRAVATH SWAINE & MOORE LLP
     Attorneys for Defendants GreenSky
     and GreenSky Individuals
BY:  KARIN A. DeMASI, ESQ.
     LAUREN KENNEDY, ESQ.
     NATHALIE J. K. BAKER, ESQ.
     SOPHIA M. SUAREZ, ESQ.

WILLKIE FARR & GALLAGHER LLP
     Attorneys for the Underwriter Defendants
BY:  TODD G. COSENZA, ESQ.
     SARAH M. WASTLER, ESQ.
```

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | THE COURT:  Good afternoon, everybody.                       |
| 2   | So, for plaintiffs, we have Steven Toll.                     |
| 3   | MR. TOLL:  Correct, your Honor.                              |
| 4   | THE COURT:  Doug Bunch.                                      |
| 5   | MR. BUNCH:  Yes, your Honor.                                 |
| 6   | THE COURT:  Alice Buttrick.                                  |
| 7   | MS. BUTTRICK:  Yes, your Honor.                              |
| 8   | THE COURT:  And Max Schwartz.                                |
| 9   | MR. SCHWARTZ:  Yes, your Honor.                              |
| 10  | The first three are Cohen Milstein in Washington, and        |
| 11  | the last, Mr. Schwartz, is with Scott & Scott.               |
| 12  | For defendants GreenSky, we have Karin DeMasi.               |
| 13  | MS. DeMASI:  Good afternoon, your Honor.                     |
| 14  | THE COURT:  Good afternoon, Ms. DeMasi, of Cravath.          |
| 15  | Lauren Kennedy.                                              |
| 16  | MS. KENNEDY:  Good afternoon, your Honor.                    |
| 17  | THE COURT:  And Nathalie Baker?                              |
| 18  | MS. BAKER:  Yes, your Honor.                                 |
| 19  | THE COURT:  And Sophia Suarez.                               |
| 20  | MS. SUAREZ:  Yes, your Honor.                                |
| 21  | THE COURT:  Of Cravath as well.                              |
| 22  | And for the underwriters we have Todd Cosenza.               |
| 23  | MR. COSENZA:  Good afternoon, your Honor.                    |
| 24  | THE COURT:  Good afternoon.  And Sarah?                      |
| 25  | MS. WASTLER:  Wastler.                                       |

1                THE COURT:  Again.
2                MS. WASTLER:  Wastler.
3                MR. COSENZA:  Wastler, your Honor.
4                THE COURT:  Wastler, sorry, at Willkie Farr.  Thank
5   you.
6                What do you have to report, Mr. Toll?
7                MR. TOLL:  Your Honor, Mr. Bunch and Ms. Buttrick have
8   been working with defense counsel on a proposed order and I'll
9   let them --
10               THE COURT:  I'll hear from them, please.
11               MR. BUNCH:  Good afternoon, your Honor.  The parties
12  have met and conferred regarding a proposed case management
13  order, and have agreed on all points of it and are able to hand
14  that up.
15               THE COURT:  Please.
16               MR. BUNCH:  We also have a table of dates, although it
17  somewhat repeats the table in your template, but you can look
18  at it for convenience.
19               THE COURT:  Thank you.
20               Mr. Bunch, why is there a parallel action in the New
21  York Supreme Court?
22               MR. BUNCH:  Defendants may be better able to comment
23  on that.
24               THE COURT:  Ms. DeMasi?
25               MS. DeMASI:  Certainly, your Honor.  There is another

1  identical class action, as your Honor will recall, that is
2  pending in state court.  That case was not removable under the
3  Supreme Court case in *Cyan* from May 2018.  And so that is
4  proceeding before Justice Schecter.  That action is brought by
5  the Robbins Geller law firm.  Again, the putative class is
6  identical.  There is a motion to dismiss that is pending before
7  Justice Schecter.  We argued that motion on November 26, the
8  day after we were here with your Honor.  And Justice Schecter
9  has taken it under advisement.  And so we are awaiting her
10 order.
11         In the meantime, Justice Schecter has ruled that the
12 PSLRA stay is in effect in that case.
13         THE COURT:  Meaning that there is to be no discovery.
14         MS. DeMASI:  We are awaiting her decision, and so we
15 hope that the cases, to the extent any of that case survives
16 the motion to dismiss, we anticipate that the cases will
17 proceed in parallel, as both courts have stated would be
18 appropriate.  If that case is dismissed, there won't be a case
19 to coordinate with.
20         THE COURT:  If I grant a class to you, Mr. Bunch, does
21 that encompass the potential class before Justice Schecter?
22         MR. BUNCH:  Offhand, your Honor, I do not know the
23 class period in the state case.
24         THE COURT:  Ms. DeMasi, do you know?
25         MS. DeMASI:  My understanding, your Honor, is that

1   both sets of plaintiffs are seeking a putative class of
2   purchasers in the IPO, so we have not seen motions for class
3   certification, but based on the pleadings, our understanding is
4   that those classes would be identical.
5           THE COURT:  How is it that I have jurisdiction of this
6   case and not of the other case?
7           MS. DeMASI:  Well, as I said, under the Supreme
8   Court's decision in May 2018, Justice Kagan held that '33 Act
9   cases may proceed in parallel.
10          THE COURT:  Because the law gives you an alternative.
11          MS. DeMASI:  Because the plaintiffs may bring that
12  case in state or federal court.  Obviously there could not be
13  two recoveries.
14          THE COURT:  Now, if I certify the class, wouldn't that
15  subsume anything that Justice Schecter would do?
16          MS. DeMASI:  We believe that the case would be
17  identical and that only one class should and could proceed.
18          THE COURT:  Do you wish to oppose class certificate?
19          MS. DeMASI:  Your Honor, we have not seen a motion for
20  class certification, and so we think that's incumbent on the
21  plaintiff --
22          THE COURT:  The motion is to be made before March 9th
23  of 2020.
24          Perhaps it would be wise to consent to a class
25  certification.

1           MS. DeMASI:  Your Honor is anticipating something that
2    we would certainly consider once we see that motion.  Perhaps
3    we should discuss that ahead of time.  I would appreciate the
4    ability to talk to our co-counsel and clients about that, but I
5    understand what your Honor is asking.
6           MR. COSENZA:  Your Honor, Todd Cosenza from Willkie
7    Farr.  We did seek to stay the state court action, not just for
8    discovery but in its entirety, and Justice Schecter denied that
9    motion, saying that, as Ms. DeMasi has mentioned, that *Cyan*
10   allows the plaintiffs to proceed in state court.  Obviously if
11   there's a class certification motion brought by the plaintiffs,
12   we would consider that and decide whether or not we would or
13   would not consent.  But that's something, from our perspective,
14   for efficiency purposes, we obviously believe that with one
15   class --
16          THE COURT:  Sorry?  Say that again?
17          MR. COSENZA:  For efficiency purposes, have only one
18   class --
19          THE COURT:  It could be only one class.  And
20   proceedings in this court move, generally speaking, more
21   quickly than in the state court.
22          Is there still an interlocutory appeal in state court?
23          MR. TODD:  There is.
24          THE COURT:  OK.  If you consider the idea, I think it
25   may be a sound proposition for the sake of case management and

1    efficiency.

2            MS. DeMASI:  Thank you, your Honor.  We will consider
3    it and discuss it with our clients and meet and confer as
4    appropriate with the plaintiff.

5            THE COURT:  If the motion is made on consent, it would
6    make life much easier.

7            If there's not consent, why, Mr. Bunch, is there a
8    60-day period between the filing date for class certification
9    and opposition and then a 90-day period for a reply?

10           MR. BUNCH:  Your Honor, normally in these cases, time
11   is built into the briefing schedule for discovery to occur,
12   such that if, for example, an expert report is attached in
13   support of the initial motion, then defendants would have the
14   opportunity to depose the expert and obtain their own.  The
15   same would be true between the deadlines for opposition and
16   reply.

17           I would also add that --

18           THE COURT:  The whole trick here is regulating class
19   discovery.  There's actually no point in my trying to
20   anticipate the end of this case, where the entities should be
21   devoted to moving the case efficiently through the class
22   certification stage and then seeing where we are.

23           So really what I want to do is to regulate class
24   discovery.

25           You're reserving until March 2 the issue of joining

1    the additional parties.  I don't know why you need any
2    reservation of dates.
3            MR. BUNCH:  Your Honor, we don't intend to join any --
4            THE COURT:  And if something is happening that
5    threatens the class, you'll need a motion anyhow.  So I don't
6    think you need paragraph 2.
7            MR. BUNCH:  I'm fine.  I don't know how defendants
8    feel but --
9            THE COURT:  Ms. DeMasi?
10           MS. DeMASI:  We don't see the need to join any
11   parties, your Honor, but we would be fine deleting paragraph 2.
12
13           MR. BUNCH:  I think we had only included it, your
14   Honor, because it was in your Honor's template, but we're happy
15   to strike it.
16           THE COURT:  Do you have any problem with that,
17   Mr. Cosenza?
18           MR. COSENZA:  No issue with that, your Honor.
19           THE COURT:  All right.  So we'll strike that.
20           MR. BUNCH:  Your Honor, I should also add that we
21   doesn't anticipate bifurcating discovery.  In fact, the
22   plaintiffs have already issued RFPs that govern --
23           THE COURT:  I won't bifurcate discovery, because if
24   there's a trial, we'll meet and we'll try everything, or
25   bifurcate then.  But let's say, for example, we go to trial and

1  you get a judgment on liability.  Will we stop then and let you
2  do all kinds of discovery, then convene another jury?  It
3  doesn't make sense.  So all discovery must be done before we
4  try.
5          MR. BUNCH:  Understood.
6          THE COURT:  And therefore the argument for bifurcation
7  falls away.
8          You're not going to have any pleadings, are you?
9          MR. BUNCH:  At present we have no intention of
10 amending.
11         THE COURT:  All right.
12         Now, if you're going to move for class certification,
13 why would you wait until March 9?  It's now January 23.  That
14 triggers the most essential part of discovery.  So it seems to
15 me that you ought to make that motion earlier.
16         MR. BUNCH:  That's fine, your Honor.
17         THE COURT:  The second week in February or even
18 earlier, because it's just a motion.
19         MR. BUNCH:  We'll be prepared to do that, your Honor.
20         One thing I should also add, though, is that I'm sure
21 defendants will want to propound discovery on the lead
22 plaintiffs.  In addition to potential expert discovery during
23 class certification briefing, we should also anticipate
24 discovery of the lead plaintiffs.
25         THE COURT:  When would you be prepared to file a

1   motion?  Let's say February 14th?  The second week of February?

2             MR. BUNCH:  Just a moment, your Honor.

3             February 21st, your Honor?

4             THE COURT:  February 21.

5             What kind of discovery would you want to pursue,
6   Ms. DeMasi?

7             MS. DeMASI:  We will want to seek discovery from the
8   plaintiffs with respect to the class cert motion, with respect
9   to any documents, knowledge they have in terms of the IPO, and
10  regular discovery that we're prepared to propound promptly now
11  that this conference has happened.  So I don't anticipate the
12  timing being an issue, because defendants will serve that
13  discovery promptly.

14            THE COURT:  That will be part of the initial discovery
15  disclosure, it seems to me.

16            MS. DeMASI:  They may well be.  Some of it may be
17  taken care of in the initial disclosures, which we have in the
18  first week of February, your Honor.

19            THE COURT:  When do you want to do the initial
20  disclosures?

21            MS. DeMASI:  The plaintiffs have proposed, I believe,
22  February 6, and that's acceptable to defendants as well.

23            THE COURT:  Where do I find that?

24            MR. BUNCH:  On page 4, the first page of attachment A,
25  your Honor.

THE COURT: Do you anticipate, both sides, the completion of merits discovery at the same time as class discovery?

Let me just embellish that for a minute. The class discovery will entail depositions of the proposed class representatives. There may be an expert affidavit, or not, depending on whether the class has resisted. Why don't we consider -- how many representatives are there?

MR. BUNCH: There are three lead plaintiffs, your Honor.

THE COURT: So perhaps by mid March that can be done. And then we need to have a conference to see where we go on the class.

Does that make sense, Ms. DeMasi?

MS. DeMASI: Your Honor, if the documents are produced with respect to the transactions and our discovery is responded to promptly, we're happy to move forward expeditiously with respect to class discovery.

MR. BUNCH: Your Honor, we're only hesitating on the plaintiff's side because all three lead plaintiffs are institutions. It will take some time after we receive the requests for production, which we have not yet from defendants, to locate and review and produce the documents.

THE COURT: Now, you know what you have to produce. Your clients have files with respect to the purchase of the

securities they purchased. You need to have a listing of all your purchases, the dates of purchase. You've been through this numbers of times. You know exactly what you have to produce. The faster you produce, the quicker this case moves.

I would like to see that you make complete production by the end of February. If you want a couple more weeks, I'll give them to you.

MR. BUNCH: Your Honor, how soon -- I would just say -- it depends on when it's --

THE COURT: It doesn't have to be a symmetrical production. Defendant's job will be a lot more difficult.

MR. BUNCH: Your Honor, all this depends on getting early requests for production from defendants so that we know precisely what needs to be produced. I can think we can commit to producing by the end of February but with the understanding that if we need more time we would like to ask for it. We don't yet know what requests will be made of us or what challenges we may run into in production.

THE COURT: Ms. DeMasi and Mr. Cosenza cannot really make up their minds, their clients cannot make up their minds, with regard to a class until you make production. So it's a condition precedent of going forward. If you want more time, I'll give it to you. But if you want to move the case along, which I think is in your interest, you'll want to do it in a quicker time. And I'm thinking that, when you've finished that

1    production, within the next few weeks I should see you, and
2    then we could regulate where we go after.
3             MR. BUNCH:  Understood, your Honor.
4             THE COURT:  So tell me, by when will you make
5    production?  You don't need to see anything she does.  All you
6    need to do is to produce your files on the security involved.
7             MS. DeMASI:  Your Honor, I might, if it would help,
8    GreenSky defendants are prepared to make our requests for
9    documents by close of business tomorrow.  We obviously were
10   awaiting this conference consistent with federal rules, but
11   there will not delay in our propounding our requests, although
12   we agree with you that there are some very obvious categories
13   that ought to be produced in connection with initial
14   disclosures.
15            THE COURT:  All right.  We'll build that in.
16   Defendants will propound interrogatories --
17            MS. DeMASI:  Document requests, your Honor?
18            THE COURT:  Just document requests.
19            MS. DeMASI:  Document requests, your Honor.
20            THE COURT:  Rule 34 requests relating to class issues.
21            MR. BUNCH:  Your Honor, I would agree that there are
22   certain things that are almost always produced in these cases,
23   and those are relatively easy to round up and produce, and I
24   think we can do that by the end of February.  It's just that
25   there may be other sort of esoteric requests that we're not

1    expecting.
2             THE COURT:  I don't think we want to have any esoteric
3    requests.  And I would be sympathetic with a 2(e) letter to me
4    suggesting that they either be stricken or deferred.
5             MR. BUNCH:  Understood, your Honor.
6             THE COURT:  I'm anxious that you finish your
7    discovery.
8             MR. BUNCH:  If the categories are what you articulated
9    a few moments ago, I think we could commit to do that by the
10   end of February.
11            THE COURT:  Ms. DeMasi, are they?
12            MS. DeMASI:  Your Honor, I think the categories that
13   your Honor has articulated are appropriate for initial
14   disclosures and we assume will be produced, together with
15   initial disclosures, on February 6.  Plaintiffs are going to
16   serve standard class discovery requests by close of business
17   tomorrow.  I don't know whether Mr. Bunch and I have the same
18   definition of "esoteric," but we will endeavor in good faith to
19   propound discovery requests that are reasonable.
20            THE COURT:  Why don't you propound your Rule 34
21   requests by tomorrow.  And why don't plaintiffs make
22   plaintiffs' production, initial and those in response to the
23   Rule 34 requests, by February 28.
24            MR. BUNCH:  Understood, your Honor.
25            THE COURT:  I will meet with you March 11, a

1    Wednesday, at 2:30.  And we'll chart further discovery at that
2    time or whether there is agreement to the class certification,
3    in which case we can plot going ahead.  I think that will
4    conserve money and time and be in everyone's interest.
5             All right?
6             MR. COSENZA:  OK, your Honor.
7             MR. BUNCH:  Thank you, your Honor.
8             THE COURT:  So I'm not going to sign this order.
9    Please give me an order that reflects what we did today.
10            MR. BUNCH:  Your Honor, is there anything else --
11            THE COURT:  We'll just keep this as a guide.
12            Yes, Mr. Bunch.
13            MR. BUNCH:  Your Honor, we are happy to respond to any
14   of the other deadlines in the proposed order.
15            THE COURT:  We're not going to have any more
16   deadlines, because what's the point of trying to reach too far?
17   You just --
18            MR. BUNCH:  So you would like our proposed order to
19   only be to that point, then.
20            THE COURT:  That's right.
21            MR. BUNCH:  Thank you, your Honor.
22            THE COURT:  This is my way of administering cases.  I
23   think it's silly to try to reach too far.  But if I can give
24   you work proposals that will move this case forward and
25   everyone agrees that it can be done, it will be done, and we

1   don't have to worry about adjournments or anything else.  So we
2   can move forward this way.
3           MR. BUNCH:  Thank you.
4           THE COURT:  All right?  If there are any disputes, the
5   best way of getting me for a dispute is by joint letter under
6   Rule 2(e), and I will endeavor to give you a 24-hour
7   turnaround.
8           MS. DeMASI:  Thank you, your Honor.
9           THE COURT:  Thank you very much.
10          MR. BUNCH:  Thank you, your Honor.
11          MR. COSENZA:  Thank you, your Honor.
12          (Adjourned)