Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 1 of 21

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No.: 18 Civ. 11071 (AKH) |

## **STIPULATED [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs Northeast Carpenters Annuity Fund ("Northeast Carpenters"), El Paso Firemen & Policemen's Pension Fund ("El Paso"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("CPERS") (collectively, "Lead Plaintiffs"), and Defendants GreenSky, Inc., David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris and Robert Sheft (the "GreenSky Defendants"), as well as Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., SunTrust Robinson Humphrey, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (the "Underwriter Defendants"), each of whom individually is referred to herein as a "Party," and collectively, the "Parties," by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.   PURPOSES

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the

1

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 2 of 21

parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties agree to be bound by the terms of this Order pending its entry by the Court.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: shall mean a Party that challenges the "Confidential" designation of Discovery Material under this Order.

2.2    <u>Confidential Discovery Material</u>: shall mean Discovery Material (regardless of how it is generated, stored or maintained) that (i) has been designated by a Party or Non-Party as "Confidential" in accordance with this Order; and (ii) is maintained as confidential in the ordinary course of business and the Designating Party believes in good faith that such Discovery Material contains or reflects non-public personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, product research or development, or information, the disclosure of which could reasonably cause harm to the Designating Party if disclosed to competitors, or that is otherwise entitled to confidential treatment under the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 26(c)(1)(G)) or would otherwise be considered confidential in the jurisdiction in which the information or item originated.

2.3    <u>Confidential Information</u>: shall mean Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information.

2.4    <u>Counsel (without qualifier)</u>: shall mean Outside Counsel and In-House Counsel, as well as their support staff.

2.5    <u>Designating Party</u>: shall mean a Party or Non-Party that designates Discovery Material in this action as "CONFIDENTIAL".

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 3 of 21

2.6    <u>Discovery Material</u>: shall mean all documents and information exchanged or otherwise disclosed by the Parties pursuant to any formal or informal request for discovery in this action, including, but not limited to, documents, electronically stored information, testimony, exhibits, interrogatory answers, responses to requests for admission and any other materials or information produced, given or exchanged in this action during the course of discovery, regardless of the medium or manner generated, stored or maintained.

2.7    <u>Expert</u>: shall mean any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, together with his or her staff.

2.8    <u>In-House Counsel</u>: shall mean attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel.

2.9    <u>Non-Party</u>: shall mean any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel</u>: shall mean attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, whether or not they have formally appeared in this action on behalf of that Party.

2.11    <u>Producing Party</u>: shall mean a Party or Non-Party that produces Discovery Material in this action.

2.12    <u>Professional Vendors</u>: shall mean persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Case 1:18-cv-11071-AKH Document 140 Filed 04/24/20 Page 4 of 21

2.13   <u>Receiving Party</u>: shall mean a Party that receives Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The confidentiality protections conferred by this Order cover all Confidential Information received from a Producing Party, including (i) Confidential Discovery Material; (ii) any information copied or extracted from Confidential Discovery Material; (iii) all copies, excerpts, summaries or compilations of Confidential Discovery Material; and (iv) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material. The confidentiality protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Discovery Material and Information at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect. This Court retains and shall have jurisdiction over the Parties and all recipients of Confidential Discovery Material, for purposes of enforcing this Order after final disposition of this action. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 6 of 21

the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING DISCOVERY MATERIAL AS "CONFIDENTIAL"

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items as "CONFIDENTIAL" under this Order shall take care to do so in good faith under the appropriate standards set forth in this Order. A Party or Non-Party may subsequently move for a court order to obtain a more stringent confidentiality designation for any Discovery Material.

5.2     Manner and Timing of Designations. The designation of Confidential Discovery Material in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page containing any Confidential Discovery Material or, in the case of a document that is produced in native form or is impractical to produce in TIFF format, by placing the above-described legend on a TIFF-placeholder image bearing the production number of the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 7 of 21

Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each document that contains Confidential Discovery Material.

(b)    For information produced in some form other than documentary and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

(c)    For all or portions of depositions and other testimony that a Party or non-party witness, or counsel for a Party or non-party witness, believes, in good faith, to refer to or disclose Confidential Discovery Material, by so indicating on the record at the time the testimony is given or by sending written notice to all Parties within thirty (30) days of receipt of the final transcript of the testimony. The entirety of each deposition transcript shall then be treated as Confidential Discovery Material until the expiration of the thirtieth calendar day after receipt by counsel of a copy of the final transcript. Thereafter, only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material. Any Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In the event Confidential Discovery Material is used at the deposition, the court reporter shall be informed of this Order. In the further event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to the confidentiality provisions of this Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties". Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if

any), any person who is not authorized by this Order to receive or access Discovery Material based on the designation of such Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such designated Discovery Material.

5.3     Inadvertent Failures To Designate. If a Producing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Producing Party shall inform the Receiving Party of such inadvertent disclosure. The Receiving Party shall thereafter treat the information as Confidential Discovery Material and may request a copy with an appropriate confidentiality designation. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to advise the Receiving Party of such inadvertent disclosure does not, standing alone, constitute a waiver or admission by the Producing Party that such information does not qualify as Confidential Discovery Material. If the Receiving Party decides to challenge the request for designation and treatment of the Discovery Material as Confidential, the Receiving Party shall make such challenge in accordance with Section 6 below.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time.

6.2     Meet and Confer. In the event it wishes to make such a challenge, the Challenging Party shall notify the Designating Party of its position in writing. Counsel shall thereafter meet and confer in good faith to resolve any dispute concerning such designation. If the dispute cannot be resolved through the meet and confer process, the Receiving Party may present the issue to the Court in compliance with this Court's Individual Rules, at Paragraph 2.E, and Local Rule 37.2.

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 9 of 21

Any Discovery Material relevant to the dispute shall be filed with the Court under seal, as set forth in Paragraph 12.3.

6.3     Burden and Process. The burden of persuasion in any such challenge proceeding shall be on the Designating Party to prove that the Discovery Material contains Confidential Discovery Material. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. If the Court resolves the dispute in the Challenging Party's favor, the Designating Party shall remove the confidentiality designation from such Discovery Material, and, within ten business days of the Court's Order, provide a replacement copy of such Discovery Material to the Challenging Party.

7.     ACCESS TO AND USE OF DISCOVERY MATERIAL AND CONFIDENTIAL DISCOVERY MATERIAL

7.1     Basic Principles. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case solely for purposes of prosecuting, defending, or attempting to settle this action and for no other purpose. Nothing in this Order shall prevent any Producing Party from using its own Discovery Material, including Confidential Discovery Material, for any purpose.

7.2     Any document or information designated as "Confidential" in accordance with this Order shall only be used, shown, or disclosed as provided in this Order. Confidential Discovery Material must be stored and maintained by a Receiving Party and any Qualified Person (as defined below) at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted by a Receiving Party or Qualified Person, except to the extent

Case 1:18-cv-11071-AKH Document 140 Filed 04/24/20 Page 10 of 21

that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of the action. All such copies, reproduction, summaries, extractions and abstractions, including all Confidential Information, shall be subject to the same terms of this Order and labeled in the same manner as the Confidential Discovery Material on which they are based.

7.3     When the litigation has been terminated, anyone in possession of Confidential Discovery Material must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.4     Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Information only to "Qualified Persons", defined as:

(a)     Outside Counsel for the Parties in this action, as well as employees of said Outside Counsel;

(b)     the Parties to the action as well as the officers, directors, and employees of the Parties (including In-House Counsel), to the extent such persons are assisting in the prosecution or defense of the litigation;

(c)     Experts (as defined in this Order) of a Party who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A), provided that any report created by such Expert relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the Party responsible for its creation;

(d)     the Court and its personnel, any appellate court in the action, and any jurors;

(e)     mediators appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery disputes who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(f)     court reporters, videographers, and their staff, who record and/or transcribe depositions or testimony in this action;

(g)     litigation support consultants, mock jurors and Professional Vendors who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

(h)     any insurer and such insurer's outside counsel participating in matters related to this action and their legal, clerical or support staff;

(i)     deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in the action or the preparation thereof;

(j)     the author or recipient of a document containing such Confidential Discovery Material, or who otherwise had access to such Confidential Discovery Material (or possessed or knew the information contained therein) in the ordinary course of business; and

(k)     any person expressly named and agreed to in writing by the Producing Party or by order of the Court, provided that person has signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

Each Party's counsel shall retain any executed Agreement To Be Bound (Exhibit A). Executed Agreements To Be Bound shall not be made available to the Designating Party during the pendency of the action but shall be available for *in camera* inspection by the Court if good cause for review is demonstrated by the Designating Party.

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 13 of 21

8.   <u>CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED</u>
<u>PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless the subpoena or court order is confidential and not permitted to be disclosed;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S CONFIDENTIAL DISCOVERY MATERIAL PRODUCED</u>
<u>IN THIS LITIGATION</u>

9.1   The terms of this Order also are applicable to information produced and designated as "CONFIDENTIAL" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

11

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 14 of 21

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     If a Party receives or has received Discovery Material from a Non-Party, such Discovery Material will be produced by the Receiving Party to the other Parties in accordance with the Federal Rules of Civil Procedure subject to all the procedures and protections of this Order.

10.     <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is attached hereto as Exhibit A.

11.     <u>INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION</u>

11.1     The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and that the production of documents in this action (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the attorney work product doctrine, joint defense or other similar doctrine, or by another legal privilege or immunity protecting information from discovery ("Privileged Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or other protection that the Producing Party would otherwise be entitled to assert, in this action or any other federal or state proceeding, with respect to the documents or information (or the subject matter thereof).

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 15 of 21

This Order shall be interpreted to provide the maximum protection allowed under Rule 502(d) of the Federal Rules of Evidence.

11.2    If a Producing Party believes that Privileged Material was inadvertently produced, it shall notify in writing the Receiving Party of the inadvertent production of these materials (the "Identified Materials"), and the obligations of the Receiving Party and Producing Party, respectively, shall be those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.4    If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party reasonably believes is Privileged Material, the Receiving Party shall promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to assert a claim that the material is Privileged Material. The Producing Party then has five business days to (i) confirm whether it intends to assert that the information is Privileged Material and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.5    The stipulated agreement set forth in Section 11 and its subparts of this Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 16 of 21

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right To Further Relief</u>. This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by all Parties, or by further Court order; provided that nothing in this Order abridges the right of any person to seek its modification by the Court in the future. If the Court finds any provision of this Order invalid for any reason, the remaining provisions shall remain in effect.

12.2    <u>Right To Assert Other Objections</u>. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Filing Confidential Information</u>. In the event that Counsel for any Party or Non-Party determines to file with or submit to the Court any Confidential Information received from a Producing Party, such Counsel must comply with this Court's Individual Rules, at paragraph 4.B, including by seeking the Court's approval to make a sealed or redacted filing of such information in compliance with Individual Rule Paragraph 4.B.(ii). The Receiving Party may file the information in the public record only if its request to file the Confidential Information under seal is denied by the Court and unless otherwise instructed by the Court. A Party may choose to file its own Confidential Information on the public record, provided that no other Party or Non-Party has similarly designated that Confidential Information as "Confidential". Such a public filing would de-designate the subject material as "Confidential". If, however, a Designating Party inadvertently waived a confidentiality claim in this manner, that Designating Party may notify the Court to remedy such waiver.

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 18 of 21

13.   <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party shall use commercially reasonable efforts to either return all Discovery Material to the Producing Party or to destroy such material, at the election of the Receiving Party. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Discovery Material that is subject to legal hold obligations. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (i) identifies (by category, where appropriate) all the Discovery Material that was returned or destroyed and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Discovery Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; attorney-client communications; and consultant and Expert work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Order as set forth in Section 4 (DURATION). The Parties further confirm that no Discovery Material obtained in this matter will be used for any other action or proceeding.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date:   April 21, 2020

Respectfully submitted,

/ s / Steven J. Toll

COHEN  MILSTEIN  SELLERS  &  TOLL
PLLC
Steven J. Toll (admitted *pro hac vice*)
S. Douglas Bunch (SB-3028)
1100 New York Avenue, N.W. | Fifth Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

Alice Buttrick (5444120)
Jessica (Ji Eun) Kim (5326129)
88 Pine Street | 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745
abuttrick@cohenmilstein.com
jekim@cohenmilstein.com

Manuel J. Dominguez
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel.: (561) 515-1400
Fax: (561) 515-1401
jdominguez@cohenmilstein.com

SCOTT + SCOTT ATTORNEYS AT LAW
LLP
Max Schwartz (MS-2517)
Tom Laughlin (TL-8888)
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
mschwartz@scott-scott.com
tlaughlin@scott-scott.com

*Attorneys for Lead Plaintiffs Northeast
Carpenters Annuity Fund, El Paso Firemen &
Policemen's Pension Fund, and the
Employees' Retirement System of the City of
Baton Rouge and Parish of East Baton Rouge*

Case 1:18-cv-11071-AKH   Document 140   Filed 04/24/20   Page 20 of 21

*/s/ Karin A. DeMasi*

CRAVATH, SWAINE & MOORE LLP
Karin A. DeMasi
Lauren Roberta Kennedy
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1059
Fax: (212) 474-3700
kdemasi@cravath.com

*Attorneys for the GreenSky Defendants*

*/s/ Shawn J. Rabin*

SUSMAN GODFREY LLP
Shawn J. Rabin
Ari Ruben
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
srabin@susmangodfrey.com

*Attorneys for Defendants Robert Sheft, Joel Babbit, Gregg Freishtat, John Flynn and Nigel Morris*

*/s/ Todd G. Cosenza*

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
787 Seventh Avenue
New York, NY 10019
Tel.: (212) 728-8000
Fax: (212) 728-9677
tcosenza@willkie.com

*Attorneys for the Underwriter Defendants*

IT IS SO ORDERED, this 21 day of April , 2020.

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

## **CERTIFICATION**

I, _____, a _____ of _____, hereby certify that I have read the attached Stipulated Protective Order, dated _____. I hereby agree to be bound by the terms of the Stipulated Protective Order.

For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulated Protective Order is punishable by contempt of Court.

Signature: _____   Dated: _____

18