# COHENMILSTEIN

Steven J. Toll<br>
(202) 408-4646<br>
stoll@cohenmilstein.com

November 20, 2020

*Via ECF*

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
40 Foley Square, Room 1050
New York, NY 10007

    Re:    <u>In re GreenSky Securities Litigation</u>, 18 Civ. 11071 (AKH)

Dear Judge Hellerstein:

    We are Co-Lead Counsel for Lead Plaintiffs Northeast Carpenters Annuity Fund, El Paso Firemen & Policemen's Pension Fund, and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge in the above-referenced action. We write on behalf of the parties[1] pursuant to the Court's Order dated September 17, 2020 (ECF No. 160) (the "September 17 Order"), which instructed the parties, on or before November 20, 2020, to "submit to the Court their respective deposition plans, including an explanation of the appropriateness of each proposed deposition." Plaintiffs' and Defendants' positions are set forth in Parts I and II, respectively.

    **I.**    <u>**Plaintiffs' Position**</u>

    Lead Plaintiffs' review of Defendants' documents is ongoing. Notwithstanding, Lead Plaintiffs have identified the following potential deponents, but reserve the right to modify this list (both as to the names of the deponents and the basis for their depositions) as we complete our review of documents. Mindful of the Court's direction, Lead Plaintiffs have significantly reduced

---

[1] Defendants in this action are GreenSky, Inc. ("GreenSky," "GSKY," or the "Company"), David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris, Robert Sheft, Goldman Sachs & Co. LLC ("GS"), J.P. Morgan Securities LLC ("JPM"), Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Truist Securities, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC.

COHENMILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 2

the number of potential deponents from the number proposed by letter to the Court on September 16, 2020 (ECF No. 159). However, given the number of potential deponents set forth below and based on our review of the documents, Lead Plaintiffs believe we will almost certainly seek leave of the Court to increase the number of depositions to more than 10, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i).

|   | **Deponent** | **Title and basis for deposition** | **Employer** |
|---|---|---|---|
| 1 | David Zalik | Co-founder, CEO, and Chairman of the Board of Directors<br>*(Individual Defendant)*<br>*Mr. Zalik was involved daily in all aspects of GreenSky's business, involved in the decision to de-emphasize solar, and aware of all trends in transaction fee rate and transaction volume. Mr. Zalik was also intimately involved in all discussions with underwriters, equity analysts, and other external parties.* | GSKY |
| 2 | Gerald Benjamin | Director, Vice Chairman<br>*(Individual Defendant)*<br>*Mr. Benjamin was involved daily in all aspects of GreenSky's business, involved in the decision to de-emphasize solar, and aware of all trends in transaction fee rate and transaction volume. Mr. Benjamin was also intimately involved in all discussions with underwriters, equity analysts, and other external parties.* | GSKY |
| 3 | Robert Partlow | CFO<br>*(Individual Defendant)*<br>*Mr. Partlow participated in numerous conversations regarding the rapid decline of the solar business and its consequent impact on transaction volume and revenue. Additionally, Mr. Partlow possesses an in-depth knowledge of the interplay between transaction volume and product mix and opined on the same frequently throughout the relevant time period.* | GSKY |
| 4 | Tim Kaliban | President & Chief Risk Officer<br>*Mr. Kaliban played an integral role in formulating GreenSky's messaging to analysts regarding the trade-offs between APR and transaction fees, providing proposed language attributing the decline in transaction fee rate to a shift in product mix.* | GSKY |

COHENMILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 3

|   | **Deponent** | **Title and basis for deposition** | **Employer** |
|---|---|---|---|
| 5 | Rebecca Gardy | Senior Vice President of Investor Relations<br>*Ms. Gardy drafted scripts for analyst calls, and often answered analysts' questions regarding GreenSky's transaction fee rate and transaction volumes.* | GSKY |
| 6 | Richard Awbrey | VP Finance / Director, Financial Planning & Analysis<br>*Mr. Awbrey assisted in analyzing GreenSky's financial performance against its internal forecasts and assisted in preparing external models.* | GSKY |
| 7 | John Flynn | Director<br>*(Individual Defendant)* | GSKY |
| 8 | Gregg Freishtat | Director<br>*(Individual Defendant)* | GSKY |
| 9 | Nigel Morris | Director<br>*(Individual Defendant)* | GSKY |
| 10 | Robert Sheft | Director<br>*(Individual Defendant)* | GSKY |
| 11 | Joel Babbit | Director<br>*(Individual Defendant)* | GSKY |
| 12 | Brandon Watkins | Vice President, Head of Internet Finance, Investment Banking Division, Goldman Sachs<br>*Mr. Watkins was the Goldman Sachs team lead for the IPO. Consequently, he was in frequent communication with GreenSky executives and oversaw all due diligence conducted by Goldman Sachs. Further, Mr. Watkins was aware of how GreenSky's decision to exit the solar business negatively impacted GreenSky's prospects for achieving growth in its home improvement vertical. He also helped draft the language that omitted these facts from the Company's registration statement.* | GS |

COHENMILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 4

|    | Deponent | Title and basis for deposition | Employer |
|----|----------|-------------------------------|----------|
| 13 | Tim Wicket | Investment Banking Division, Industry Group, Goldman Sachs<br>*Mr. Wicket was Goldman Sachs's secondary team lead for the IPO. Consequently, he was in frequent communication with GreenSky executives and oversaw all due diligence conducted by Goldman Sachs. Further, Mr. Wicket was aware of how GreenSky's decision to exit the solar business negatively impacted GreenSky's prospects for achieving growth in its home improvement vertical. He also helped draft the language that omitted these facts from the Company's registration statement.* | GS |
| 14 | Clayton Robinson | Executive Director, Investment Banking Division, Financial Institutions Group, JPMorgan<br>*Mr. Robinson was JPMorgan's team lead for the IPO. Consequently, he was in frequent communication with GreenSky executives and oversaw all due diligence conducted by JPMorgan. Further, Mr. Robinson was aware of how GreenSky's decision to exit the solar business negatively impacted GreenSky's prospects for achieving growth in its home improvement vertical. He also helped draft the language that omitted these facts from the Company's registration statement.* | JPM |
| 15 | Harshit Kandpal | Investment Banking Division, Financial Institutions Group<br>*Mr. Kandpal appears to have been JPMorgan's secondary team lead for the IPO. Consequently, he was in frequent communication with GreenSky executives and was aware of how GreenSky's decision to exit the solar business negatively impacted GreenSky's prospects for achieving growth in its home improvement vertical. Further, Mr. Kandpal helped draft the language that omitted these facts from the Company's registration statement. Also, he possesses an in-depth understanding of GreenSky's budgets, financials, and financial models shared with investment analysts throughout the IPO process.* | JPM |

COHEN MILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 5

|    | **Deponent** | **Title and basis for deposition** | **Employer** |
|----|---|---|---|
| 16 | Alexander Rienzie | Investment Banking Division, Financial Institutions Group<br>*Mr. Rienzie possesses an in-depth understanding of GreenSky's financials and was involved in strategy discussions with GreenSky and other underwriters regarding the Company's IPO.* | JPM |
| 17 | Tim Wolfe | Managing Director, FT Partners<br>*For several years prior to GreenSky selecting JPMorgan and Goldman Sachs as its lead IPO underwriters, FTP was GreenSky's primary investment bank. Consequently, FTP likely provided financial advisory services to GreenSky in connection with the IPO. Further, prior to and throughout the IPO process, Mr. Wolfe communicated with GreenSky executives almost daily and was intimately aware of GreenSky's financial performance and challenges, including the knowledge that GreenSky's decision to exit the solar business had an immediate negative impact on its growth.* | FT Partners (nonparty) |
| 18 | Dan D'Amico | Associate, FT Partners<br>*Mr. D'Amico has an in-depth understanding of GreenSky's solar portfolio and its historical performance. Mr. D'Amico also has knowledge of GreenSky's strategy for reducing its solar business and appears to have been primarily responsible for helping GreenSky develop its budgets, financial models, and forecasts prior to, and throughout, the IPO process.* | FT Partners (nonparty) |

COHENMILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 6

## II. Defendants' Position

This Court previously instructed the parties to prepare a deposition plan that was not "exhaustive", but rather designed to "elucidate the [parties'] respective positions", so as to "economize". (Sept. 16, 2020 Tr. 12:18-13:6 (ECF No. 161).) The Court was clear: "I'm going to restrict your numbers to something that is reasonable, fewer than ten by the plaintiffs and fewer than seven by the defendants". (*Id.* at Tr. 13:24-14:1.) Any additional depositions would be taken "*only if* the other side wishes to call them as actual witnesses" at trial. (*Id.* at 12:25-13:4 (emphasis added).)

Consistent with the Court's directive, Defendants intend to depose the following six entities (one fewer than the Court indicated is allowed):

| Deponent | Basis for Deposition |
|---|---|
| Northeast Carpenters Annuity Fund | Lead Plaintiff |
| El Paso Firemen & Policemen's Pension Fund | Lead Plaintiff |
| City of Baton Rouge and Parish of East Baton Rouge | Lead Plaintiff |
| TimesSquare Capital Management | Investment Manager[2] for Northeast Carpenters Annuity Fund |
| Hood River Capital Management | Investment Manager for El Paso Firemen & Policemen's Pension Fund |
| William Blair & Co. | Investment Manager for City of Baton Rouge and Parish of East Baton Rouge |

Plaintiffs, in contrast, have identified 18 deponents — at least double the number allowed by the Court. (*Id.* Tr. 13:24-14:1.) Far from being "mindful", Plaintiffs' deposition plan disregards the Court's clear parameters for depositions in this case, violates the Federal Rules and would impose undue and unnecessary burden. Defendants oppose the request and believe, instead, that Plaintiffs should have to identify "fewer than ten" deponents as this Court previously instructed. (*Id.*)

---

[2] Plaintiffs have represented that each of the investment managers made the ultimate decision to invest in GreenSky securities on the respective Lead Plaintiff's behalf.

COHENMILSTEIN

The Honorable Alvin K. Hellerstein
November 20, 2020
Page 7

### III.     Remote Deposition Protocol

Finally, given the ongoing pandemic, the parties anticipate that many of these depositions will need to be conducted remotely. The parties have agreed to submit a remote deposition protocol for the Court's approval within 14 days of the December 7, 2020 status conference.

We look forward to our conference with the Court.

                                            Respectfully submitted,

                                             */s/ Steven J. Toll*
                                            Steven J. Toll

cc: All counsel of record (via ECF)