# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GREENSKY SECURITIES LITIGATION           No. 18 Civ. 11071 (AKH)

### [PROPOSED] STIPULATED ORDER REGARDING REMOTE DEPOSITIONS

WHEREAS, the COVID-19 pandemic has made conducting in-person depositions difficult in many circumstances given health concerns and associated movement restrictions that have been put in place around the country;

WHEREAS, it is uncertain when it will be possible to resume in-person depositions;

WHEREAS, Defendants[1] and Lead Plaintiffs Northeast Carpenters Annuity Fund, El Paso Firemen & Policemen's Pension Fund, and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs") (together, the "Parties") will begin conducting depositions in the near future;

WHEREAS, pursuant to Rule 29(a) of the Federal Rules of Civil Procedure, the Parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition";

---

[1] Defendants in this case are (i) GreenSky, Inc. (the "Company"), (ii) David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris and Robert Sheft (collectively, the "Individual Defendants"); and (iii) the underwriting banks for the IPO (Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Truist Securities, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC) (collectively, the "Underwriting Defendants"). GreenSky, the Individual Defendants and the Underwriter Defendants are referred to collectively hereinafter as "Defendants".

WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, the Parties "may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, on December 7, 2020, the Court instructed the parties to endeavor to complete fact depositions by April 29, 2021;

WHEREAS, the Parties agree that it will be necessary to conduct some or all depositions by virtual means (the "Remote Depositions"), agree upon the virtual means by which they will conduct the Remote Depositions and wish to memorialize their agreement;

NOW, THEREFORE, it is ORDERED that any Remote Depositions shall proceed subject to the following rules and procedures, which have been agreed upon by the Parties:

1. **Definitions.**

    (a) "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer and record the Remote Deposition.

    (b) "Court Reporting Agency" shall mean Veritext Legal Services, the entity designated by the Parties to select a Court Reporter, Videographer and Operator for each Remote Deposition.

    (c) "Defending Attorney" shall mean the attorney representing the Witness who has been designated to speak on the record at the Remote Deposition.

    (d) "Noticing Attorney" shall mean the attorney whose signature is affixed to the deposition notice corresponding to the Remote Deposition to which these rules and procedures apply and/or any individual affiliated with that attorney's law firm and authorized by that law firm to communicate about matters relating to the Remote Deposition.

    (e) "Operator" shall mean the individual designated by the Court Reporting Agency to provide remote technological support to all Parties during the Remote Deposition.

(f) "Participant" shall mean the Witness, the Questioning Attorney, the Defending Attorney, other attorneys or client representatives appearing on behalf of one of the Parties or any other Witness, including third parties, paralegals or other individuals providing support to the attorneys, the Court Reporter, the Videographer and the Operator.

(g) "Party Attorney" shall mean any attorney other than the Defending Attorney or the Questioning Attorney who represents one of the Parties at a Remote Deposition.

(h) "Questioning Attorney" shall mean the attorney who questions the Witness on the record during the Remote Deposition for the purpose of eliciting sworn testimony.

(i) "Remote Deposition Platform" shall mean Veritext Virtual and Exhibit Share, the software applications designated by the parties for hosting the Remote Deposition, as well as any other software application to which the parties agree in writing.

(j) "Videographer" shall mean the individual designated by the Court Reporting Agency to record the Remote Deposition by videographic means.

(k) "Witness" shall mean the individual who gives sworn testimony on the record during the Remote Deposition.

2. **Court Reporter, Videographer and Operator.**

(a) Pursuant to Rule 30(b)(5)(A), the Remote Deposition will be conducted before a Court Reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 with respect to administering the Remote Deposition.

(b) The Court Reporter may administer the oath or affirmation to the Witness through the Remote Deposition Platform from a different physical location than the Witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness.

(c) No participant may record the Remote Deposition by video or audio other than the Videographer. The Videographer shall record the Remote Deposition at the direction of the Court Reporter, and shall not record the Remote Deposition during times when the Court Reporter suspends it. Audio of all Participants shall be recorded; to the extent feasible, only video of the Witness (rather than of all Participants) shall be recorded. Such recordings shall be deemed a record of the Remote Deposition to the same extent as if the recording had been made in the physical presence of the Witness. For purposes of Rule 30(c)(1), the Videographer shall be considered to be acting in the presence and under the direction of the Court Reporter, so long as the Videographer is able to hear and take direction from the Court Reporter, even though the Videographer may be in a different physical location than the Court Reporter.

(d) The Court Reporting Agency shall designate an Operator to assist the Participants with any technical issues that may arise with respect to the Remote Deposition.

3. **Remote Deposition Platform.**

(a) Remote Depositions shall be conducted using the Remote Deposition Platform.

(b) In order to facilitate reliable use of the Remote Deposition Platform, each attorney shall be responsible for acquiring, maintaining and utilizing computer, audio and video equipment that meets the minimum requirements set forth in Appendix A.

(c) The Defending Attorney and/or an individual affiliated with that attorney's law firm shall take reasonable steps to ensure that the Witness has access to and uses the equipment set forth in Appendix A during the Remote Deposition. No later than 48 hours prior to the commencement of each Remote Deposition, the Participants shall work collaboratively and in good faith with the Court Reporting Agency to ensure that the Remote Deposition Platform functions properly with each Participant's hardware, software and internet connections, including

that any required audio and video functionalities are functioning properly. The Remote Deposition shall not commence until all Participants complete this test and agree to proceed.

        (d)    All private chat features on the Remote Deposition Platform shall be disabled.

4. **Notice.**

        (a)    The Parties stipulate that, for depositions noticed after the entry of this Stipulation, the language set forth below provides sufficient notice with respect to Remote Depositions:

> NOTICE IS GIVEN that this deposition shall be conducted remotely pursuant to the Stipulated Order Regarding Remote Depositions. Please contact the noticing attorney at least three (3) business days prior to the deposition and provide the names of any deposition attendees who desire to appear remotely so that the necessary credentials, call-in numbers and any other technical information can be provided prior to the deposition.

        (b)    For each Remote Deposition, the Defending Attorney shall endeavor to provide the Noticing Attorney with the names and e-mail addresses of the Witness and of any other Participants at least three business days prior to the Remote Deposition.

        (c)    The Noticing Attorney shall provide to Participants all details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials and hardware and software requirements at least 24 hours prior to the date and time at which the deposition is scheduled to commence.

5. **Conduct of the Remote Depositions.**

        (a)    The Remote Depositions shall in all ways be governed by the rules regarding depositions by oral examination set forth in Rule 30 of the Federal Rules of Civil Procedure. Pursuant to Rule 30(d)(1), each deposition shall last for up to seven hours on the record. Any time spent off the record, including time spent off the record resolving technical issues pursuant to Paragraph 5(k), shall not count towards the seven hours of record time provided for in Rule 30. The Remote Depositions shall satisfy the Parties' and each Witness's obligations to make the

Witness available for deposition to the same extent as if the depositions had been conducted in person.

(b) The Witness, the Questioning Attorney, the Defending Attorney and any non-attorney providing technical assistance to a Witness in-person as allowed by Paragraph 5(h) shall keep their cameras turned on while the Remote Deposition is being conducted. In order to conserve bandwidth and for added reliability, all other Participants shall keep their cameras off at all times, except as otherwise directed by the Court Reporter.

(c) The Witness, the Questioning Attorney and the Defending Attorney shall use the audio through their respective computers, and shall also have a phone connection available in case the computer audio does not function properly. In order to conserve bandwidth and for added reliability, all other Participants shall remain muted, except as noted in Paragraph 5(d) below.

(d) Participants shall take care to minimize background noise during the conduct of the Remote Deposition that may interrupt the Remote Deposition. Participants other than the Witness, the Questioning Attorney and the Defending Attorney shall place their microphones on mute except during times they desire to speak or as otherwise directed by the Court Reporter. Participants shall refrain from speaking at the same time as other Participants, since the Remote Deposition Platform is unable to convey accurately the voices of multiple speakers at once. Nothing in this Stipulated Order shall limit any Party Attorney's ability to un-mute their microphone and speak on the record to the extent necessary to fulfill obligations on behalf of that Party Attorney's client.

(e) In order to minimize background noise, the Operator may, at his or her discretion, or at the direction of the Court Reporter, mute individual Participants' lines when those Participants are not speaking, except that in no event shall the Operator mute the Court

6

Reporter's, Questioning Attorney's, Witness's or Defending Attorney's and/or Party Attorney's line while the Remote Deposition is being conducted.

(f) Immediately upon the commencement of the Remote Deposition, all Participants shall announce their names and affiliations on the record. Should any Participant remotely join the deposition after it starts, that Participant shall identify themselves upon joining.

(g) The Questioning Attorney shall use the Remote Deposition Platform to mark and introduce exhibits during the Remote Deposition.

(h) No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for: a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform and/or the Defending Attorney who represents the Witness. Any such individual must be logged onto the Platform with a separate video connection or be otherwise viewable by a camera at all times during the course of the Remote Deposition.

(i) Except as otherwise provided in this Stipulated Order, no Participant shall permit anyone who is not a Participant to hear or view the Remote Deposition while it is being conducted.

(j) If a technical issue prevents the Witness, Questioning Attorney, Defending Attorney and/or Party Attorney, Court Reporter or Videographer from hearing a Participant's question or statement in its entirety, that Participant shall, upon request from any of the above Participants, repeat the entire question or statement once the technical issue is resolved.

(k) If a technical issue prevents any Participant from being able to see or hear one or more of the other Participants clearly, the Court Reporter shall, at the request of the Participant encountering such technical issue, suspend the Remote Deposition until the technical issue is

7

resolved. The Court Reporter shall provide a telephone number for use by the Participants to inform the Court Reporter if any Participant becomes disconnected or is otherwise unable to see or hear one or more of the other Participants clearly. Any portion of the Remote Deposition that has been transcribed while a Participant is experiencing a technical issue must be re-read upon resolution of the technical issue and that Participant must be given an opportunity to object to any questions or answers that occurred during such technical issue. If the technical issue cannot be resolved, the Court Reporter shall suspend the Remote Deposition until such issue is resolved by the Court or through other means.

      (l)    During the course of the Remote Deposition, the only applications running on the Witness's computer shall be those needed for the Remote Deposition Platform or those required to view exhibits, and the Witness shall not access or view any other computer or mobile device aside from the computer running the Remote Deposition Platform, other than a second computer or mobile device used by the Witness to view exhibits on a separate screen (which second device shall only run applications required to view exhibits). To the extent the Remote Deposition Platform reasonably allows, the video feed of the Remote Deposition visible to the Witness shall be limited to the video of the Questioning Attorney, any exhibits being displayed to the Witness, the Defending Attorney and the Witness.

      (m)    While on the record during the Remote Deposition, no Participant shall communicate or attempt to communicate with the Witness through any means other than the Remote Deposition Platform. For the avoidance of doubt, this provision merely governs the means of communicating with a Witness while on the record during a Remote Deposition. Nothing in this provision shall be construed to alter or amend the local and federal

rules governing whether and to what extent communications with a Witness may be proper, including Federal Rule of Civil Procedure 30(c) and Local Civil Rule 30.4.

(n) All Participants shall agree to be bound by this Stipulated Order and shall memorialize that agreement by executing a copy of the Acknowledgment and Agreement to be Bound attached hereto as Appendix B.

(o) This Stipulated Order also shall govern any Remote Depositions of non-party fact Witnesses. The Parties will use reasonable efforts to cause non-party Witnesses to agree to the protocol set forth herein for Remote Depositions. However, insofar as any particular non-party witness cannot or will not agree, the Parties will discuss in good faith alternative protocols requested or required by such non-party Witness.

6. **Modification**

(a) This Stipulated Order Regarding Remote Depositions may be modified by the stipulation of all parties hereto.

(b) Nothing herein shall prevent any Party from seeking to resume in-person depositions if/when health guidelines permit. In such circumstances, the Parties shall meet and confer in order to discuss a plan for in-person depositions to resume.

IT IS SO ORDERED.

Dated: _____, 2020

BY THE COURT:

_____
ALVIN HELLERSTEIN
United States District Judge

## APPENDIX A

## MINIMUM TECHNICAL REQUIREMENTS FOR REMOTE DEPOSITIONS

1. **Witness, Defending Attorney and Taking Attorney**

    (a) Computer with an internet connection (ethernet if available).

    (b) Internet connection with a minimum speed of 5 Megabits per second ("Mbps").

    (c) Integrated or external webcam.

    (d) External microphone or headset.

    (e) Telephone (landline if available).

2. **Other Participants**

    (a) Computer with an internet connection.

    (b) Internet connection with a minimum speed of 1.5 Mbps.

    (c) Telephone.

**APPENDIX B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GREENSKY, INC. SECURITIES LITIGATION | No. 18 Civ. 11071 (AKH) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
THE STIPULATED ORDER REGARDING REMOTE DEPOSITIONS**

The undersigned hereby acknowledges that [print or type full name:]

_____ has read the Stipulated Order

Regarding Remote Depositions in the above-captioned Action, that (s)he understands the terms

thereof and that (s)he agrees to be bound by such terms.  The undersigned consents to the exercise

of personal jurisdiction by the United States District Court for the Southern District of New York

in any proceeding(s) to enforce the terms of the Stipulated Order.

_____     _____

Signature                                                                          Date