# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
908.333.6220 (Tel.)
908.333.6230 (Fax)
scott.parker@piblaw.com

www.piblaw.com

June 10, 2021

**VIA CM/ECF**
Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *In re GreenSky Securities Litigation*
              **Case No.: 18-CV-11071 (AKH)**

Dear Judge Hellerstein:

      This firm represents Non-Party Subpoena Recipient TimesSquare Capital Management, LLC ("TimesSquare") in the above-referenced matter. In accordance with Rule 2E of Your Honor's Individual Rules, we write to respectfully advise the Court of a dispute that has arisen in connection with two (2) subpoenas served upon TimesSquare by Defendants GreenSky, Inc., David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris, Robert Shift (collectively, the "GreenSky Defendants"), Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Truist Securities, Inc., Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (collectively, "Underwriter Defendants" and, together with "GreenSky Defendants", "Defendants"). Per Your Honor's Individual Rules, this letter is submitted jointly with Cravath, Swaine & Moore LLP, counsel for the GreenSky Defendants, which has been TimesSquare's sole point of contact concerning this matter.

      By way of background, Defendants served TimesSquare with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 4, 2020 (the "Document Subpoena"), and a Subpoena to Testify at a Deposition in a Civil Action on March 8, 2021 (the "Deposition Subpoena" and, together with the Document Subpoena, the "Subpoenas"). Copies of the Subpoenas are enclosed for the Court's consideration (*see* Exhibits A-B attached hereto).

      **TimesSquare's Position**

      The dispute centers around non-party TimesSquare's request to the Greensky Defendants for reimbursement of the significant fees and costs that TimesSquare has incurred in: (1) preparing written responses and objections to the Subpoenas, (2) compiling, reviewing, and redacting a significant document production, and (3) preparing for two depositions under Fed. R. Civ. P. 30(b)(6).

New York Office: 5 Penn Plaza, Suite 2371 – New York, New York 10001 – 212.596.7037
New Jersey Office: 270 Davidson Avenue – Somerset, New Jersey 08873 – 908.725.9700

BOSTON – NEW JERSEY – NEW YORK – ORANGE COUNTY – PHILADELPHIA

Hon. Alvin K. Hellerstein, U.S.D.J.
June 10, 2021
Page 2

      Document Subpoena: The Document Subpoena contained 12 requests, including but not limited to Request #6, which called for the production of "[a]ll documents or communications concerning GreenSky, the Greensky IPO or the Offering Documents." Notwithstanding the unduly broad requests, TimesSquare fully complied with the Document Subpoena: it reviewed more than 16,000 potentially responsive documents that fell squarely within the scope of the Document Subpoena (comprising more than 1,000,000 individual pages), and produced nearly 7,000 documents (comprising more than 130,000 individual pages). This effort constituted a significant burden to non-party TimesSquare under Fed R. Civ. P. 45.

      As part of that document review, TimesSquare recognized that a substantial portion of the documents that it identified during its review (*i.e.*, more than 9,000 documents out of the 16,000 potentially responsive documents) were – although responsive – not likely to be considered relevant to the case, and that also would have required significant redactions before they could be produced. Therefore, in order to minimize costs as much as possible, on April 28, 2021, TimesSquare met and conferred with Cravath and proposed the possibility of withholding from the document production eight different categories of documents, to which Cravath agreed. On April 30, 2021, TimesSquare sent to Cravath samples from each of the eight different categories, and on May 8, 2021, Cravath agreed that those eight categories of documents did not "need to be produced at this time." Then, on May 28, 2020, after another meet-and-confer the day before, TimesSquare sent to Cravath samples from three additional categories of documents that, while responsive, were not likely to be relevant to the case. And on June 2, 2020, Cravath agreed that those three additional categories of documents did not "need to be produced at this time."

      In sum, TimesSquare took all reasonable steps to minimize its significant costs and fees as much as possible, while still being fully responsive to the Document Subpoena.

      Deposition Subpoena: In July 2020, Cravath advised that it was very unlikely that it would be necessary to depose any TimesSquare representatives – but did not represent that no depositions would be necessary (which, thus, made premature any potential motion by TimesSquare at that time to seek reimbursement for its fees and costs, as this case was still active and ongoing). And on February 1, 2021, Cravath advised that they would in fact be seeking a deposition of TimesSquare.

      On March 8, 2021, Cravath sent TimesSquare the Deposition Subpoena, noticing the 30(b)(6) deposition for April 14, 2021 at 9:30 am. On March 22, 2021, TimesSquare and Cravath met-and-conferred regarding the scope of the 13 different topics in the Deposition Subpoena, during which TimesSquare: (1) raised issues with certain of the designated topics, and (2) advised that it would need to produce two separate witnesses, given the breadth of the topics. On March 31, 2021, TimesSquare proposed two alternative dates for the depositions (April 26, 2021 and April 29, 2021). While Cravath agreed that it would consider alternative dates for the deposition, it insisted that TimesSquare provide written responses and objections to the Deposition Subpoena before agreeing to meet and confer again. Then, on April 7, 2021, Cravath advised that the parties reached an agreement in principle to settle the case, and on April 8, 2021, the Deposition Subpoena was formally withdrawn.

Hon. Alvin K. Hellerstein, U.S.D.J.
June 10, 2021
Page 3

In accordance with Your Honor's Individual Practices, we have met and conferred telephonically with Cravath on numerous occasions (*see* Exhibit C attached hereto) concerning our respective positions as to the dispute, and have also exchanged multiple e-mail correspondence. To date, however, we have been unable to reach accord, and we respectfully submit that Court assistance is required to resolve this dispute. We are mindful of the settlement that has been reached in this matter, for which a motion for preliminary approval of settlement has been filed, and for which a conference is scheduled on June 11, 2021.

### GreenSky's Position

Defendants do not believe they should be required to pay the fees or costs TimesSquare's counsel claims to have incurred in compliance with the Subpoenas. TimesSquare was identified by Lead Plaintiffs' initial disclosures in this action as an entity with "information regarding Northeast Carpenters Annuity Fund's investments in GreenSky common stock." Based on that disclosure, Defendants served TimesSquare with the Document Subpoena on March 4, 2020. (Ex. A.) TimesSquare agreed to cooperate with the Document Subpoena but declined Defendants' repeated offers to meet and confer regarding its scope. After a brief extension, TimesSquare informed Defendants that it would produce approximately 6,300 documents in response to the Document Subpoena, and had collected and reviewed an additional 10,000 documents that it was willing to produce. To limit the burden on TimesSquare, Defendants reviewed a representative sample of this additional set, and informed TimesSquare that the documents were not relevant and did not have to be produced. TimesSquare ultimately made six productions totaling 6,811 documents.

After completing the majority of its productions—5,902 documents—TimesSquare raised, for the first time, that it would be seeking reimbursement for fees and costs incurred in making the productions. Almost a year ago, in June 2020, Defendants explained that we were under no obligation to reimburse TimesSquare, particularly because TimesSquare declined Defendants' offer to negotiate the scope of the Document Subpoena and because TimesSquare unilaterally decided to use a more time-consuming, expensive and burdensome approach to production without conferring with Defendants.[1] The parties were unable to resolve the issue, and on February 1, 2021 Defendants informed TimesSquare that the parties had reached an impasse and encouraged TimesSquare to file a motion with this Court should they intend to pursue these fees. Defendants also informed TimesSquare that we were proceeding with depositions and intended to serve TimesSquare with a deposition notice. (*See* Ex. D.) With respect to the likelihood of a deposition, Defendants stated that we would not seek a deposition unless it was necessary and that we would depose the Plaintiffs first (which GreenSky did).

The corporate representative for Northeast Carpenters Annuity Fund confirmed that TimesSquare had full discretion to make investment decisions on its behalf, including to make the

---

[1] TimesSquare collected 16,000 documents, the majority of which Defendants had to clarify were not relevant and need not be produced. TimesSquare's over-broad and inefficient approach was confirmed after it provided Defendants with an itemized list of the expenses incurred, which showed, among other things, that TimesSquare had ***four law firm partners*** work on its subpoena response, including reviewing documents and performing legal research—tasks that, if required at all, plainly could have been performed by less expensive timekeepers. (*See* Ex. D.)

Hon. Alvin K. Hellerstein, U.S.D.J.
June 10, 2021
Page 4

purchases on which Lead Plaintiffs sued.  Following that testimony, Defendants served TimesSquare with the Deposition Subpoena on March 8, 2021.  (Ex. B.)  The parties met and conferred regarding its scope in March 2021.  Given the prior issue relating to fees, Defendants informed TimesSquare right away that GreenSky would not agree to reimburse any fees or costs in connection with responding to the Deposition Subpoena.  Rather than seeking a protective order from the Court or refusing to proceed absent an order compelling TimesSquare to comply, TimesSquare proceeded with responding to the Deposition Subpoena, and preparing for and scheduling the deposition.  Given the inefficient process employed by TimesSquare on the Document Subpoena, Defendants proposed that TimesSquare serve written objections before the parties continued to meet and confer to ensure a focused and efficient discussion.  (*See* Ex. E.)  TimesSquare indicated they would "get back to" Defendants about this "proposal" (*id.*), but never did.

Promptly after reaching a settlement, we reached out to TimesSquare to inform it that a deposition would not be necessary and the subpoena was being withdrawn.  TimesSquare then informed Defendants that it intended to proceed with a motion to collect fees—more than a year after Defendants served the first Subpoena in this case and many months after the parties had met and conferred on these very issues.  At this time—and for the first time—TimesSquare informed GreenSky that it had supposedly already drafted (but never provided) written objections to the Deposition Subpoena (using a law firm partner to do the drafting, no less) and that TimesSquare intended to go to Court to collect its counsel fees in connection with the Deposition Subpoena.  The parties again met and conferred but were not able to resolve this issue.

\* \* \*

We thank the Court for its consideration of this submission, and welcome the opportunity provide the Court with anything additional it might require for purposes of resolving this dispute.

> Respectfully submitted,
>
> */s/ Scott W. Parker*
>
> Scott W. Parker

Enclosures

cc:     All counsel of record (via CM/ECF)