**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No. 18 Civ. 11071 (AKH) |

## <u>PRELIMINARY APPROVAL ORDER</u>

WHEREAS, Lead Plaintiffs Northeast Carpenters Annuity Fund ("Northeast Carpenters"), El Paso Firemen & Policemen's Pension Fund ("El Paso"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("CPERS"), on behalf of themselves and each of the Class Members; and Defendants GreenSky, Inc. ("GreenSky" or the "Company"), David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris and Robert Sheft (the "Individual Defendants," and collectively with GreenSky, the "GreenSky Defendants"), as well as Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities, Inc., and Guggenheim Securities, LLC (the "Underwriter Defendants"), by and through their respective counsel have entered into a settlement of the claims asserted against Defendants in the above-captioned putative class action (the "Action"), the terms of which are set forth in a Stipulation and Agreement of Settlement (the "Stipulation" and the "Settlement," respectively), dated as of May 24, 2021; and

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order, among other things, preliminarily approving the Stipulation and the Settlement embodied therein and providing for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits thereto, including the proposed Notice of Proposed Settlement, the Summary Notice of Proposed Settlement, the Proof of Claim Form, and the [Proposed] Order and Judgment, and found that substantial and sufficient grounds exist for entering this Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court, for purposes of this Preliminary Approval Order, hereby adopts and incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as ascribed to them in the Stipulation. As in the Stipulation, unless otherwise explicitly specified herein, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

2.      The Court preliminarily approves the Settlement, including all provisions of the Stipulation and exhibits attached thereto, as fair, reasonable and adequate to the Class, subject to further consideration at the Final Approval Hearing.

3.      The Court approves the form, substance and requirements of the Notice of Proposed Settlement (the "Notice") (annexed hereto as Exhibit A-1); the Summary Notice of Proposed Settlement ("Summary Notice") (annexed hereto as Exhibit A-2) (Exhibits A-1 and A-2 are collectively referred to as the "Settlement Notices"); and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing and distribution of the Settlement Notices and Proof of Claim Form substantially in the manner and form set forth in

paragraphs 14–16 of this Preliminary Approval Order are in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 27(a)(7) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

4.      The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator who, under the supervision of Co-Lead Counsel and subject to the jurisdiction of the Court, shall supervise and administer the notice procedure, as well as the processing of Claims, as more fully set forth below:

a.      No later than twenty-one (21) days after entry of the Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form, substantially in the form annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage pre-paid, to all members of the Class at the address of each such person as set forth in the records of GreenSky's stock transfer agent, or who otherwise can be identified through reasonable effort;

b.      The Summary Notice, substantially in the form annexed hereto as Exhibit A-2, shall be published once in *Investor's Business Daily* and on *PR Newswire* no later than fourteen (14) days after the Notice Date; and

c.      The Stipulation, the Notice, and the Proof of Claim Form shall also be placed on a website (the "Settlement Website") dedicated to the administration of the Settlement on or before the Notice Date.

5.      The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased GreenSky Class A common stock pursuant and/or traceable to the Offering Documents as record owners but not as beneficial owners. Nominees who purchased GreenSky common stock for beneficial owners who are Class Members are directed to: (a) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice and Proof of Claim Form to beneficial owners, such nominee is directed to mail the Notice and Proof of Claim Form within fourteen (14) days of receipt of the additional copies of the Notice and Proof of Claim Form from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim Form, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be deemed Notice and Administration Costs and paid from the Settlement Fund consistent with the terms of the Settlement.

6.      No later than thirty-five (35) days prior to the Final Approval Hearing, Co-Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and Proof of Claim Form, the publication of the Summary Notice and the creation of the Settlement Website and posting of relevant documents thereto shall have been made, showing that such mailing, publication, website creation and postings have been made in accordance with this Preliminary Approval Order.

## HEARING: RIGHT TO BE HEARD

7.      The Court will hold a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on **October 19, 2021, at 10:00 a.m.**, in the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14D, New York, New York 10007, for the following purposes: (i) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (ii) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered; (iii) to determine whether the Plan of Allocation is reasonable and should be approved; (iv) to determine whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses incurred by Co-Lead Counsel and Lead Plaintiffs should be granted; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

8.      Papers in support of the Settlement, the Plan of Allocation and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than thirty-five (35) days prior to the Final Approval Hearing, and any papers in further support thereof shall be filed no later than seven (7) days before the Final Approval Hearing. If an objection is filed

pursuant to paragraphs 17–18 below, any reply papers shall be filed no later than seven (7) days before the Final Approval Hearing.

9.      Any Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement as embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member (i) has served written objections, by hand, first-class mail postage pre-paid or electronic mail, upon the following counsel for receipt no later than twenty-one (21) days prior to the Final Approval Hearing:

**Co-Lead Counsel for the Class:**

Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue N.W., Suite 500
Washington, D.C. 20005
Attn: Steven J. Toll
stoll@cohenmilstein.com

Scott + Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Attn: Max R. Schwartz
mschwartz@scott-scott.com

**Counsel for the GreenSky Defendants:**

Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Attn: Karin A. DeMasi
kdemasi@cravath.com

| **Counsel for Robert Sheft, Joel Babbit, Gregg Freishtat, John Flynn and Nigel Morris:** | Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Attn: Karin A. DeMasi<br>kdemasi@cravath.com |
| --- | --- |
| | Susman Godfrey LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Attn: Shawn Rabin<br>srabin@susmangodfrey.com |
| **Counsel for the Underwriter Defendants:** | Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Attn: Todd G. Cosenza<br>tcosenza@willkie.com |

and (ii) filed said written objections with the Clerk of the U.S. District Court for the Southern District of New York no later than twenty-one (21) days prior to the Final Approval Hearing. Any such written objection served and filed as set forth above must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's (i) purchases of GreenSky Class A common stock pursuant and/or traceable to the Offering Documents and (ii) sales thereof, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons, if any, who will be called to testify in support of the objection, the subject of their expected testimony and the basis therefor; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also

state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Unless the Court orders otherwise, no Class Member shall be entitled to object, or otherwise be heard, except by serving and filing written objections as described above. Any person or entity who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement and by all settlement-related proceedings, orders and judgments in the Action, including the Judgment, if the Settlement is approved by the Court. By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims as against the Released Defendants and the release of the Released Defendants' Claims as against the Released Plaintiffs provided for in the Stipulation and the Judgment).

10.     Any Class Member may hire their own attorney, at their own expense, to represent them in making written objections or in appearing at the Final Approval Hearing. If any Class Member chooses to hire an attorney at their own expense, that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel so that the notice is received twenty-one (21) days prior to the Final Approval Hearing.

11.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class. If the Settlement is approved, all Class Members will be bound by the Settlement, and by any judgment or determination

of the Court affecting Class Members, including the Judgment and the releases contained therein, regardless of whether or not a Class Member submits a Proof of Claim Form.

12.     Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

13.     The Court expressly reserves the right to do the following without further notice to members of the Class: (i) reschedule the Final Approval Hearing; (ii) approve the Settlement with modification(s) approved by the Settling Parties; (iii) modify the Plan of Allocation; and (iv) award such attorney's fees and reimbursement of Litigation Expenses as the Court finds fair and reasonable. Co-Lead Counsel shall cause any new date for the Final Approval Hearing to be posted on the Settlement Website. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the Settlement; to allow, disallow or adjust on equitable grounds the Claims of any Class Member and issue, as appropriate, a Class Distribution Order; and as otherwise warranted.

## CLAIMS PROCESS

14.      In order to be entitled to participate in the distribution(s) from the Net Settlement Fund, a Class Member must complete and timely submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred twenty (120) days from the date of the entry of this Order.

15.     The Claims Administrator, subject to the supervision of Co-Lead Counsel and the Court, will make administrative determinations concerning the acceptance and rejection of the Proof of Claim Forms submitted by claimants pursuant to the procedures set forth in the Stipulation. By

submitting a Proof of Claim Form, a claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim submitted, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of their Claim.

16.     Any Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Net Settlement Fund, but nonetheless will be bound by all of the terms of the Settlement, including the releases provided for therein and in the Judgment, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

17.     A putative Class Member wishing to make a request for exclusion must submit such a request in written form in the manner and to the address designated in the Notice, such that it is received no later than twenty-one (21) days prior to the Final Approval Hearing. Class Members wishing to be excluded from the Class must, in their written request, provide their (i) name, (ii) address, (iii) telephone number, (iv) number of shares of GreenSky Class A common stock purchased or sold, (v) prices or other consideration paid or received for such shares(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must also be signed by the person or entity requesting exclusion. All putative Class Members who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall

not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or

Judgment.

18.     Any Class Member who does not request exclusion from the Class in the manner

stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be

excluded from the Class, and shall forever be barred from requesting exclusion from the Class in

this or any other proceeding, and shall be bound by the Settlement and the Judgment, including,

but not limited to, the release of the Released Claims as against the Released Defendants provided for

in the Stipulation and the Judgment, if the Court approves the Settlement.

## ADDITIONAL SETTLEMENT CONDITIONS

19.     Defendants shall have no responsibility or liability whatsoever with respect to Taxes,

Notice and Administration Costs, or Co-Lead Counsel's application for an award of attorneys' fees

and reimbursement of Litigation Expenses, which shall all be paid from the Settlement Fund, subject

to Court approval to the extent set forth herein or in the Stipulation. Furthermore, Defendants shall

have no responsibility or liability whatsoever with respect to the Plan of Allocation or Class

Distribution Order. The Plan of Allocation, Co-Lead Counsel's application for an award of

attorneys' fees and reimbursement of Litigation Expenses and any Class Distribution Order will

be considered separately from the fairness, reasonableness and adequacy of the Settlement

embodied in the Stipulation. At or after the Final Approval Hearing, the Court will determine

whether Co-Lead Counsel's proposed Plan of Allocation should be approved, the amount of

attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel and/or Lead Plaintiffs,

and whether a Class Distribution Order should be entered. Any appeal from any orders relating

solely to the Plan of Allocation or solely to Co-Lead Counsel's application for an award of

attorneys' fees and Litigation Expenses or solely to a Class Distribution Order (or any of them),

or any reversal or modification

thereof, shall not operate to terminate the Settlement, or preclude the Judgment, if entered by the Court, from becoming Final or the Effective Date of the Settlement from occurring.

20.     Only Class Members, the Claims Administrator and Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.     All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation or returned to Defendants pursuant to the terms of the Settlement and/or further order of the Court.

22.     As set forth in the Stipulation, prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund, subject to the direction and supervision of Co-Lead Counsel, up to $150,000.00 in Notice and Administration Costs actually and reasonably incurred. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $150,000.00 shall require notice to and agreement from Defendants, through Defendants' Counsel. Subsequent to the Effective Date, without further approval by Defendants, Defendants' Counsel, or the Court, the Escrow Agent, subject to the direction and supervision of Co-Lead Counsel, may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. In the event the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiffs, nor Co-Lead Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

23.     The Claims Administrator and its agents are authorized and directed to cause to be prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing

to be paid from the Settlement Fund without further order of the Court, but subject to the supervision of Co-Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Settlement without further order of the Court.

24.     The fact and terms of this Preliminary Approval Order and the Stipulation, including the exhibits annexed thereto and the Supplemental Agreement, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Defendants, Lead Plaintiffs or the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Defendants or by Lead Plaintiffs or the other Class Members with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Defendants;

b.     shall not be offered or received against the Released Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Defendant, or against Lead Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

c.     shall not be offered or received against the Released Defendants, Lead Plaintiffs or the other Class Members as evidence of a presumption, concession or admission

with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Defendants may refer to the Stipulation and the Settlement embodied therein to effectuate the protection from liability granted them thereunder;

d.     shall not be construed against the Released Defendants, Defendants' Counsel, Co-Lead Counsel or Lead Plaintiffs or the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial; and

e.     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other Class Members or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

25.     There shall be no distribution of any of the Net Settlement Fund to any Class Member prior to the Effective Date occurring nor until the Court approves, after appropriate notice to the Class, a Plan of Allocation in an order that has become Final and the Court enters a Class Distribution Order that has become Final.

26.     All proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Stipulation, and the Settlement embodied therein, should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to

act on their behalf, shall not institute or commence any action which asserts the Released Claims against the Released Defendants.

27.     In the event that the Effective Date fails to occur or the Settlement is otherwise terminated pursuant to its terms, this Preliminary Approval Order shall be null and void, and without prejudice, and none of its terms, except for paragraphs 24 and 27, shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to April 6, 2021, and except as otherwise expressly provided herein or in the Stipulation, the Settling Parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, any portion of the Settlement Amount previously paid or caused to be paid by Defendants into the Escrow Account, together with any interest earned or gains thereon, less any amounts for Taxes paid or owing with respect to such interest income and/or gains and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by the Escrow Agent to Defendants within fourteen (14) business days after written notification of such event by Defendants to Co-Lead Counsel, all as specified in paragraph 12.3 of the Stipulation.

28.     The Court preliminarily finds that the Escrow Account is a "Qualified Settlement Fund" within the meaning of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-1.

IT IS SO ORDERED.


DATED: _June 11, 2021_____

                                        _/s/ Hon. Alvin K. Hellerstein_____
                                        THE HONORABLE ALVIN K. HELLERSTEIN
                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No. 1:18-cv-11071-AKH |
| | **CLASS ACTION** |

## NOTICE OF PROPOSED SETTLEMENT

**IF YOU PURCHASED CLASS A COMMON STOCK OF GREENSKY, INC. PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH GREENSKY'S MAY 25, 2018 INITIAL PUBLIC OFFERING, YOU COULD RECEIVE A PAYMENT FROM A PROPOSED CLASS ACTION SETTLEMENT.**

**This Notice explains important rights you may have, including your possible receipt of cash from a proposed Settlement. Your legal rights will be affected whether or not you act. A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

## PLEASE READ THIS NOTICE CAREFULLY!

1.      **Securities**: GreenSky, Inc. ("GreenSky" or the "Company") Class A common stock purchased pursuant and/or traceable to the Registration Statement and Prospectus (the "Offering Documents") issued in connection with GreenSky's May 25, 2018 initial public offering (the "GreenSky IPO").[1]

2.      **Description of the Action and the Class**: The proposed Settlement resolves class action litigation over allegations that GreenSky, certain of its officers and directors, and its underwriters violated the Securities Act of 1933 (the "Securities Act") by making material misstatements and omissions in the Offering Documents for the GreenSky IPO. Northeast Carpenters Annuity Fund ("Northeast Carpenters"), El Paso Firemen & Policemen's Pension Fund ("El Paso"), and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("CPERS") (collectively, "Lead Plaintiffs") have been designated by the Court as "Lead Plaintiffs" in the Action. Lead Plaintiffs' counsel, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Scott + Scott Attorneys at Law LLP ("Scott + Scott"), have been appointed by the Court to serve as "Co-Lead Counsel." The Court has certified the "Class" to consist of:

> All persons and entities who purchased GreenSky Class A common stock pursuant and/or traceable to the Registration Statement and Prospectus (the "Offering Documents") issued in connection with GreenSky's May 25, 2018 initial public offering (the "GreenSky IPO") and were damaged thereby.  Excluded from the Class are Defendants; the officers and directors of the Company; members of their immediate families; and their legal

---

[1] This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 24, 2021 ("Stipulation"), and all capitalized terms used, but not defined, herein shall have the same meanings as in the Stipulation. A copy of the Stipulation can be obtained at http://www.GreenSkySecuritiesLitigation.com.

representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; provided, however, that any "Investment Vehicle" shall not be excluded from the Class.  Investment Vehicle means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

3.     **Statement of Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 24-38 below, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle all Released Claims against the Released Defendants in exchange for a settlement payment of $27,500,000.00 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund") and certain other terms. The Settlement Fund less all Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses that may be awarded by the Court to Co-Lead Counsel and Lead Plaintiffs (the "Net Settlement Fund") will be distributed to members of the Class in accordance with a plan of allocation (the "Plan of Allocation") that is subject to approval by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

4.     **Statement of Estimated Average Amount of Recovery:** Your recovery will depend on the number of shares of GreenSky common stock that you purchased, the price(s) at which those shares were purchased, the timing of your purchases, and any sales. Depending on the number of eligible shares of common stock that participate in the Settlement, and when and at what price that common stock was purchased and sold, the estimated average recovery per share of GreenSky common stock will be approximately $0.28 before deduction from the Settlement Fund of Court-approved fees and expenses and any other awards or payments.

5.     **Statement of the Parties' Position on Damages**: Defendants deny all claims of wrongdoing and deny that they are liable to Lead Plaintiffs and/or the Class or that Lead Plaintiffs or other members of the Class suffered any injury. Moreover, the Settling Parties do not agree on the amount of damages that might be recoverable if liability could be proven. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether the statements made were material, false or misleading for all the reasons alleged by Lead Plaintiffs; (2) whether Defendants are otherwise liable under the securities laws for those statements; and (3) whether all or part of the damages allegedly suffered by Lead Plaintiffs or members of the Class were caused by the alleged misstatements.

6.     **Statement of Attorneys' Fees and Litigation Expenses Sought**: Co-Lead Counsel has litigated this Action on a contingent basis. They have conducted this Action and advanced the Litigation Expenses with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund. This is customary in this type of litigation. Prior to final distribution of the Net Settlement Fund, Co-Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $6,875,000), plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Co-Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $250,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of Lead Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4). If the Court approves Co-Lead Counsel's fee and expense application, the estimated average cost per share of common stock is $0.07.

7.     **Identification of Attorneys' Representatives**: Lead Plaintiffs and the Class are being represented by Cohen Milstein and Scott + Scott. Any questions regarding the Settlement should be directed to Steven J. Toll, Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue N.W., Suite 500, Washington, D.C. 20005, (202) 408-4600, stoll@cohenmilstein.com or Max Schwartz, Scott + Scott Attorneys at Law LLP, 230 Park Avenue, 17th Floor, New York, NY 10169, (212) 223.6444, mschwartz@scott-scott.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **Remain a member of the Class and file a Proof of Claim Form** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than [_____], 2021. |
| **Exclude yourself from the Class by submitting a written request for exclusion so that it is *received* no later than [____], 2021.** | If you exclude yourself from the Class, you will receive no payment pursuant to this Settlement. You may be able to seek recovery against the Defendants or other Released Defendants through other litigation at your own expense. |
| **Object to the Settlement by submitting a written objection so that it is *received* no later than [____], 2021.** | Write to the Court and explain why you do not like the Settlement, the requested Judgment to approve the Settlement; the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **Go to the Final Approval Hearing on [____], 2021 at [__:___.m.], and file a notice of intention to appear so that it is *received* no later than [____], 2021.** | You may attend the hearing to speak in Court about the fairness of the Settlement, the requested Judgment to approve the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **Do nothing.** | Receive no payment, remain a Class Member, give up your rights to seek recovery against the Defendants and the other Released Defendants through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

## WHAT THIS NOTICE CONTAINS

Your legal rights and options in the Settlement ........................................................................... 3

What this notice contains ............................................................................................................. 3

Why did I get this notice? ............................................................................................................ 4

What is this case about? ............................................................................................................... 5

What are Lead Plaintiffs' reasons for the Settlement? ................................................................. 6

What might happen if there were no settlement? ................................................................... 7

How do I know if I am affected by the Settlement? ............................................................. 7

How much will my payment be and when will I receive it? .................................................. 7

What rights am I giving up by agreeing to the Settlement? ................................................ 10

What payment are the attorneys for the Class seeking? ...................................................... 11

How do I participate in the Settlement? ............................................................................. 12

What if I do not want to be part of the Settlement? ........................................................... 12

When and where will the Court decide whether to approve the Settlement? ....................... 13

What if I bought shares on someone else's behalf? ............................................................ 15

Who should I contact if I have questions? ......................................................................... 15

## WHY DID I GET THIS NOTICE?

8.      This Notice is being sent to you pursuant to an order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased GreenSky common stock as described above. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

9.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court's resolution of all issues, whether or not favorable, is binding on the class, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What if I do not want to be a part of the Settlement? How do I exclude myself?" located below.) In the Action, the Court has directed that Lead Plaintiffs and Co-Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors who purchased GreenSky common stock.

10.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re GreenSky Securities Litigation*, Case No. 1:18-cv-11071-AKH (S.D.N.Y.) (the "Action"). The Judge presiding over this case is the Honorable Alvin K. Hellerstein, United States Senior District Judge. The person who is suing is called the plaintiff, and those who are being sued are called defendants. In this case, Lead Plaintiffs are Northeast Carpenters Annuity Fund, El Paso Firemen & Policemen's Pension Fund, and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge, and the Defendants consist of GreenSky; certain of GreenSky's officers and directors, David Zalik, Robert Partlow, Joel Babbit, Gerald Benjamin, John Flynn, Gregg Freishtat, Nigel Morris and Robert Sheft (the individuals together with GreenSky, the "GreenSky Defendants"); and GreenSky's underwriters Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), Raymond James & Associates, Inc., Sandler O'Neill & Partners, L.P., Fifth Third Securities,

Inc., and Guggenheim Securities, LLC (the "Underwriter Defendants"). The proposed Settlement is with all the foregoing Defendants, for the benefit of themselves and the Released Defendants.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a proposed class action, how you might be affected, how to object, if you wish, to the proposed Settlement and/or the other matters to be considered by the Court at the Final Approval Hearing (identified below), and how to exclude yourself from the proposed Settlement and the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and the other matters identified below (the "Final Approval Hearing").

12.     The Final Approval Hearing will be held on [_____], 2021 at [__:__ _.m.], before the Honorable Alvin K. Hellerstein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14D, New York, New York 10007, to determine:

    a.  whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;

    b.  whether a judgment should be entered, as proposed in the Settlement, which, among other things, would dismiss the Action against Defendants with prejudice and release, on behalf of the Class, the Released Claims against the Released Defendants and the Released Defendants' Claims against the Released Plaintiffs (the "Judgment");

    c.  whether the proposed Plan of Allocation is reasonable and should be approved by the Court; and

    d.  whether Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Any distribution will not be paid until after the completion of all claims processing. Please be patient.

## WHAT IS THIS CASE ABOUT?

14.     The initial complaint in this Action was filed on November 27, 2018. On March 29, 2019, the Court appointed Northeast Carpenters, El Paso, and CPERS as Lead Plaintiffs and Cohen Milstein and Scott + Scott as Co-Lead Counsel.

15.     Lead Plaintiffs filed their Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") on June 26, 2019. The Complaint alleges that Defendants violated the Securities Act of 1933 by making material misstatements and omissions in the Offering Documents for the GreenSky IPO. Defendants deny each and all of Lead Plaintiffs' allegations. Defendants contend that they did not make material misstatements or omissions and that they disclosed all information required to be disclosed by the federal securities laws. Among other things, Lead Plaintiffs allege that in the Offering Documents, Defendants did not disclose the financial impact of the Company's decision to shift away from one of its most profitable business segments. Lead Plaintiffs further allege that when the

true facts regarding the alleged misstatements and omissions were revealed, artificial inflation was removed from the price of Greensky common stock issued in the IPO.

16.     The Settling Parties have vigorously litigated this case for more than two years. The Settling Parties briefed and argued Defendants' motions to dismiss the Complaint. After the Court denied the motions to dismiss, extensive class-related discovery ensued, and the Court ultimately certified the Class on June 1, 2020. The parties then engaged in extensive fact discovery which included the production of over 4.4 million pages of documents by Defendants and six depositions, including of Lead Plaintiffs and certain of Defendants' employees. Separately, Lead Plaintiffs served document and deposition subpoenas on non-parties, including PricewaterhouseCoopers ("PwC"), GreenSky's independent auditor, and FT Partners, an investment banking firm that provided GreenSky with consulting services in connection with the GreenSky IPO, resulting in the production of nearly one million additional pages of documents. Defendants further served document and deposition subpoenas on additional non-parties, including each of Lead Plaintiffs' investment managers and investment consultants.

17.     During the course of the Action, the Settling Parties engaged a neutral third-party mediator, Robert A. Meyer, Esq., and held settlement discussions. Co-Lead Counsel met with the mediator and Defendants' counsel via videoconference and teleconference on multiple occasions over the course of six months. On April 6, 2021, the Settling Parties agreed in principle to settle the Action in return for a cash payment of $27,500,000.00 for the benefit of the Class, subject to approval by the Court.

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

18.     Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiffs and Co-Lead Counsel recognize, however, that there are significant risks with respect to proving liability and damages in addition to the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals. Lead Plaintiffs and Co-Lead Counsel have, accordingly, considered the uncertain outcome of trial and any appeals following a trial in complex lawsuits like this one.

19.     In light of the risks of continued litigation, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs and Co-Lead Counsel also believe that the Settlement provides a substantial benefit now, namely Defendants' payment (as described below) of $27,500,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

20.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action and affirm that they have acted properly and lawfully at all times. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any and all of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants have, however, taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21.    If there was no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all. On the other hand, it is possible that if Lead Plaintiffs pursued their claims, the Class could obtain more than the Settlement Amount.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of:

All persons and entities who purchased GreenSky Class A common stock pursuant and/or traceable to the Registration Statement and Prospectus (the "Offering Documents") issued in connection with GreenSky's May 25, 2018 initial public offering (the "GreenSky IPO") and were damaged thereby.  Excluded from the Class are Defendants; the officers and directors of the Company; members of their immediate families; and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; provided, however, that any "Investment Vehicle" shall not be excluded from the Class.  Investment Vehicle means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

23.    Receipt of this Notice does not necessarily mean that you are a Class Member or that you are eligible to receive proceeds from the Settlement. If you wish to participate in the Settlement, you must submit the enclosed Proof of Claim Form postmarked no later than [_____], 2021.

## HOW MUCH WILL MY PAYMENT BE AND WHEN WILL I RECEIVE IT?

### PROPOSED PLAN OF ALLOCATION

24.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a proximate result of the alleged violations of the federal securities laws.  The Plan of Allocation, however, is not a formal damages analysis, and the calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

25.    Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the Recognized Losses under the Plan of Allocation.  Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision.  The formulas stated

below, which were developed by Lead Plaintiffs' damages consultant, generally track the statutory formula.

## CALCULATION OF RECOGNIZED LOSSES

26.    A "Recognized Loss" will be calculated as set forth for each purchase of GreenSky Class A common stock from May 24, 2018 through November 12, 2018 (the "Relevant Period") that is listed in the Proof of Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss results in a negative number, that number shall be set to zero.

27.    For each share of GreenSky Class A common stock purchased from May 24, 2018 through and including November 12, 2018 and:

    a.  sold before the opening of trading on November 12, 2018, the Recognized Loss for each such share shall be the purchase price (not to exceed the issue price at the offering of $23.00) minus the sale price.

    b.  sold after the opening of trading on November 12, 2018, through the close of trading on August 5, 2019 the Recognized Loss for each such share shall be the purchase price (not to exceed the issue price at the offering of $23.00) minus the sale price (not to be less than $9.92, the closing share price on November 12, 2018).

    c.  Retained through the close of trading on August 5, 2019, the Recognized Loss for each such share shall be the purchase price (not to exceed the issue price at the offering of $23.00) minus $9.92, the closing share price on November 12, 2018.

## ADDITIONAL PROVISIONS

28.    Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Losses.

29.    Purchases and sales of GreenSky Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of GreenSky Class A common stock during the Relevant Period shall not be deemed a purchase of GreenSky Class A common stock for purposes of the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such GreenSky Class A common stock unless (i) the donor or decedent purchased such GreenSky Class A common stock during the Relevant Period; (ii) no Proof of Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such GreenSky Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

30.    In the event that a Class Member has multiple transactions in GreenSky Class A common stock during the Relevant Period, all purchases and sales shall be matched on a first-in, first-out ("FIFO") basis.  Relevant Period sales will be matched first against any holdings at the beginning of the Relevant Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Relevant Period.

31.    The Recognized Loss on any portion of a purchase that matches against (or "covers") a "short sale" is zero.  The Recognized Loss on a "short sale" that is not covered by a purchase is also zero. In the event that a claimant has an opening short position in GreenSky Class A common stock at the start of the Relevant Period, the earliest purchases shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases that cover such

short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Relevant Period, the earliest subsequent Relevant Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

32. GreenSky Class A common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell GreenSky Class A common stock are not securities eligible to participate in the Settlement. With respect to GreenSky Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

33. Recognized Losses will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

34. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

35. If the Net Settlement Fund exceeds the sum total amount of the Recognized Losses of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment (*i.e.*, each Authorized Claimant will also receive the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

36. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

37. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Co-Lead Counsel, Lead Plaintiffs, their damages consultant, Claims Administrator, or other agent designated by Co-Lead Counsel, Class Members, Defendants, Defendants' Counsel, or the Released Defendants. All Class Members who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims against the Released Defendants provided for therein and in the Judgment.

38. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Settling Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.GreenSkySecuritiesLitigation com.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
|---|

39.    If the Settlement is approved, the Court will enter the Judgment. The Judgment will dismiss with prejudice the claims against Defendants in the Action and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each Class Member, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Defendants; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Defendants; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Defendants in respect of any Released Claim or any matter related thereto.

40.    The Judgment will also provide that, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Defendants' Claims against the Released Plaintiffs; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Released Defendants' Claim or any matter related thereto.

41.    "Released Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, that (a) were or could have been asserted in the Complaint, (b) could have been asserted in this Action, or (c) could in the future be asserted in any forum whether arising under federal, state, common or foreign law, by Lead Plaintiffs or any other member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacities as such, which (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint or which could have been alleged in this Action, and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any GreenSky securities.

42.    "Released Defendants" means Defendants and any and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, trustees, accountants, auditors, insurers, co-insurers and reinsurers, heirs, executors, general or limited partnerships, personal or legal representatives, estates, trusts, administrators, predecessors, successors and assigns.

43.    "Released Defendants' Claims" means any claims relating to the institution, prosecution, or settlement of this Action.

44.    "Released Plaintiffs" means Lead Plaintiffs and the Class and any and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their

respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, trustees, accountants, auditors, insurers, co-insurers and reinsurers, heirs, executors, general or limited partnerships, personal or legal representatives, estates, trusts, administrators, predecessors, successors and assigns.

45.     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants, and any of the Released Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiffs, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, Lead Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members and Defendants' successors and assigns and any persons or entities claiming through or on behalf of Defendants shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of this Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?

46.     Co-Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Co-Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $6,875,000), plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Co-Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $250,000, plus interest at the same rate and for the same time period as earned by the Settlement Fund. Litigation Expenses may include reimbursements for, among other things, litigation-related expenses of Lead Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4). The sums that may be approved by the Court will be paid from the Settlement Fund. The Court's approval of Co-Lead Counsel's application for an award of attorneys' fees and Litigation expenses, in whole or part, and any determination by any appellate court with respect thereto, is a matter separate and apart from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement and will not affect the Settlement, if approved. Class Members are not personally liable for the payment of any sums awarded by the Court or any appellate court with respect to Co-Lead Counsel's application for attorneys' fees and Litigation Expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?

47.     If you purchased GreenSky common stock as described above, and you are not excluded from the definition of the Class and you do not timely and properly request to exclude yourself from the Class in the manner provided in this Notice, then you are a member of the Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class, including the Judgment and the releases therein. If you are a member of the Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you. The website is www.GreenSkySecuritiesLitigation.com. You may also request a Proof of Claim Form by calling toll-free (855) 917-3539 or emailing info@GreenSkySecuritiesLitigation.com. Copies of the Proof of Claim Form can also be downloaded from Co-Lead Counsel's website at www.cohenmil-stein.com. Those who timely and properly exclude themselves from the Class, and those who do not sub-mit timely and valid Proof of Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in, GreenSky common stock, as they may be needed to document your claim. Do not submit original documentation with your Proof of Claim Form – submit copies only – because materials submitted will not be returned.

48.     As a Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and where will the Court decide whether to approve the Settlement?"

49.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What if I do not want to be a part of the Settle-ment? How do I exclude myself?"

50.     If you wish to object to the Settlement or any of its terms, the proposed Judgment, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and where will the Court decide whether to approve the Settlement?"

## WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

51.     Each Class Member will be bound by all determinations and judgments, whether favorable or unfavorable, concerning the Settlement, if approved by the Court, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *In re GreenSky Securities Litigation*, P.O. Box 3560, Portland, OR 97208-3560. The written request for exclusion must be received by no later than [_____], 2021. Each person's or entity's written request for exclusion must clearly provide their (i) name, (ii) address, (iii) telephone number, (iv) number of shares of GreenSky common stock purchased or sold, (v) prices or other consid-eration paid or received for such shares(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class Member wishes to be excluded from the Class in *In re GreenSky Securities Liti-gation*, Case No. 1:18-cv-11071-AKH (S.D.N.Y.). Each written request for exclusion must be signed by the person or entity requesting to be excluded. Requests for exclusion will not be valid if they do not

include the information set forth above and are not received by the date stated above, unless the Court otherwise determines. Please keep a copy of everything you send by mail, in case it is lost during shipping.

52.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

53.     If you do not wish to object in person to the proposed Settlement, Judgment, Plan of Allocation and/or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.

54.     The Final Approval Hearing will be held on [_____], 2021 at [__:__ _.m.], before the Honorable Alvin K. Hellerstein at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14D, New York, New York 10007. The Court reserves the right to approve the Settlement, enter the Judgment, approve the Plan of Allocation or grant Co-Lead Counsel's request for attorneys' fees and Litigation Expenses at or after the Final Approval Hearing without further notice to Class Members.

55.     Any Class Member who does not timely and properly request exclusion from the Class in accordance with ¶¶ 51–42 above may object to the proposed Settlement, Judgment, Plan of Allocation, or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below. You must also serve the written objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below. You must serve the written objection so that the Court and all counsel receive the objections on or before [_____], 2021.

**Clerk's Office:**           U.S. District Court for the Southern District
of New York
500 Pearl Street
New York, NY 10007

**Co-Lead Counsel for the Class:**    Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue N.W., Suite 500
Washington, D.C. 20005
Attn: Steven J. Toll
stoll@cohenmilstein.com

Scott + Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Attn: Max R. Schwartz
mschwartz@scott-scott.com

| | |
|---|---|
| **Counsel to the GreenSky Defendants:** | Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Attn: Karin A. DeMasi<br>kdemasi@cravath.com |
| **Counsel for Robert Sheft, Joel Babbit, Gregg Freishtat, John Flynn or Nigel Morris:** | Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Attn: Karin A. DeMasi<br>kdemasi@cravath.com<br><br>Susman Godfrey LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Attn: Shawn Rabin<br>srabin@susmangodfrey.com |
| **Underwriter Defendants' Counsel:** | Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Attn: Todd G. Cosenza<br>tcosenza@willkie.com |

56.     Unless the Court orders otherwise, your written objection will be considered only if it includes all of the following information: (a) your full name, address, and phone number; (b) a list and documentation of all of your transactions in GreenSky common stock, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; and (e) your signature, even if you are represented by counsel.

57.     You may not object to the Settlement, or any aspect of it, if you are not a member of the Class or if you excluded yourself from the Class.

58.     If you wish to be heard orally at the Final Approval Hearing in opposition to the proposed Settlement, Judgment, Plan of Allocation, or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you must also include in your written objection (that must be filed and served in the manner and time period set forth above in ¶¶ 51-52) the following information: (a) a statement of your intention to appear at the Final Approval Hearing; (b) a list of all persons, if any, who will be called to testify in support of the objection and the subject of their expected testimony and the basis therefor; and (c) if you intend to appear at the Final Approval Hearing through counsel, a statement identifying all attorneys who will appear on your behalf.

59.     You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first

filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

60.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on Co-Lead Counsel at the addresses set forth above in ¶ 55 so that the notice is received on or before [_____], 2021.

61.     If you object to the proposed Settlement, Judgment, Plan of Allocation, or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims as against the Released Defendants contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you will only potentially share in the Net Settlement Fund if you have timely and properly filed a Proof of Claim Form in the manner stated in ¶¶ 47-50 above and the Claims Administrator approves your claim.

62.     The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. Any new date for the Final Approval Hearing will be posted on the settlement website at www.GreenSkySecuritiesLitigation.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Co-Lead Counsel.

63.     Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, Judgment, Plan of Allocation or Co-Lead Counsel's request for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

64.     If you purchased GreenSky common stock for the beneficial interest of a person or organization other than yourself, you must either (i) within fourteen (14) days after you receive this Notice, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim Form to forward to all such beneficial owners, and within fourteen (14) days of receipt of the copies of the Notice and Proof of Claim Form forward them to all such beneficial owners; or (ii) within fourteen (14) days after you receive this Notice, provide a list of the names and addresses of all such beneficial owners (preferably in electronic format (*e.g.*, Excel, .csv)) to *In re GreenSky Securities Litigation*, P.O. Box 3560, Portland, OR 97208-3560 or by email to info@GreenSkySecuritiesLitigation.com. If you choose the second option, the Claims Administrator will send a copy of the Notice and Proof of Claim Form to each beneficial owner whose name and address you provide. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and Proof of Claim Form may also be obtained by calling the Claims Administrator at (855) 917-3539. Copies of this Notice and Proof of Claim Form may be downloaded from the settlement website, www.GreenSkySecuritiesLitigation.com, or from Co-Lead Counsel's website, www.cohenmilstein.com.

## WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

65.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.GreenSkySecuritiesLitigation.com, including, among other documents, copies of the Settlement and the Complaint. All inquiries concerning this Notice should be directed to:

*In re GreenSky Securities Litigation*
P.O. Box 3560
Portland, OR 97208-3560
www.GreenSkySecuritiesLitigation.com
Tel: 1-855-917-3539 (Toll-Free)
E-mail: info@GreenSkySecuritiesLitigation.com

OR

Cohen Milstein Sellers & Toll PLLC          Scott + Scott Attorneys at Law LLP
1100 New York Avenue N.W., Suite 500        230 Park Avenue, 17th Floor
Washington, D.C. 20005                      New York, NY 10169
Attn: Steven J. Toll                        Attn: Max R. Schwartz
stoll@cohenmilstein.com                     mschwartz@scott-scott.com

*Co-Lead Counsel*

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____ __, 2021          _____

                                        By Order of the Court
                                        United States District Court
                                        for the Southern District of New York

**EXHIBIT A-2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE GREENSKY SECURITIES LITIGATION | Case No. 18-cv-11071 (AKH)

### SUMMARY NOTICE OF PROPOSED SETTLEMENT

**TO:  ALL PERSONS AND ENTITIES WHO PURCHASED CLASS A COMMON STOCK OF GREENSKY, INC. PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH GREENSKY'S MAY 25, 2018 INITIAL PUBLIC OFFERING**

1.    YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action. A hearing will be held with respect to the Settlement on [_____], 2021 at [__:__ _.m.], before the Honorable Alvin K. Hellerstein, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14D, New York, New York 10007.[1]

2.    The purpose of the hearing is to determine whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which GreenSky will cause to be deposited into a Settlement Fund the sum of twenty-seven million, five hundred thousand U.S. dollars ($27,500,000.00) in exchange for the dismissal of the Action with prejudice and a release of claims against the Defendants and Released Defendants, should be approved by the Court as fair, reasonable and adequate and in the best interests of the Class. If you purchased GreenSky Class A common stock pursuant and/or traceable to the Offering Documents, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than [_____], 2021, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

3.    This Summary Notice provides only a summary of matters regarding the Action and the Settlement. A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members. You may obtain a copy of that Notice, a Proof of Claim Form, the Stipulation and other information at www.GreenSkySecuritiesLitigation.com, or by writing to the following address or calling the following telephone number.

---

[1] This Summary Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 24, 2021 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. A copy of the Stipulation can be obtained at http://www.GreenSkySecuritiesLitigation.com.

*In re GreenSky Securities Litigation*
P.O. Box 3560
Portland, OR 97208-3560
www.GreenSkySecuritiesLitigation.com
Tel: 1-855-917-3539 (Toll-Free)
E-mail: info@GreenSkySecuritiesLitigation.com

4.      If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation and/or the request by Co-Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard, by submitting no later than [_____], 2021, a written objection in accordance with the procedures described in the Notice. You also have the right to exclude yourself from the Class by submitting no later than [_____], 2021, a written request for exclusion from the Class in accordance with the procedures described in the Notice. If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

5.      Inquiries, other than requests for the Notice, Proof of Claim Form and the Stipulation referenced above, may be made to Co-Lead Counsel for Lead Plaintiffs:

| | |
|---|---|
| Cohen Milstein Sellers & Toll PLLC | Scott + Scott Attorneys at Law LLP |
| 1100 New York Avenue N.W., Suite 500 | 230 Park Avenue, 17th Floor |
| Washington, D.C. 20005 | New York, NY 10169 |
| Attn: Steven J. Toll | Attn: Max R. Schwartz |
| stoll@cohenmilstein.com | mschwartz@scott-scott.com |

Dated: _____ __, 2021          _____
                                        By Order of the Court
                                        United States District Court
                                        for the Southern District of New York

2

In re GreenSky Securities Litigation
P.O. Box 3560
Portland, OR 97208-3560
Toll-Free Number: (855) 917-3539
Website: www.GreenSkySecuritiesLitigation.com

Objection/Exclusion Deadline: [_____], 2021
Final Approval Hearing: [_____], 2021
Deadline to File a Claim: [_____], 2021

EXECUTION COPY

## PROOF OF CLAIM

Before completing this form, please read the detailed instructions on pages 3-4. When filling out this form, type or print in the boxes below in **CAPITAL LETTERS**; do not use red ink, pencils or staples.

## PART I:        CLAIMANT INFORMATION

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Account Number (if filing for multiple accounts, file a separate Proof of Claim Form for each account)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                                                         State        Zip Code

Foreign Country (only if not United States)

Social Security Number                          Taxpayer Identification Number

OR

Telephone Number (Home)                          Telephone Number (Work)

E-Mail Address

Claimant Account Type (check appropriate):

o   Individual (includes joint owner accounts)     o   Pension Plan                          o   Trust
o   Corporation                                   o   Estate
o   IRA/401(k)                                    o   Other:_____ (please specify)

**(TURN TO NEXT PAGE)**

In re GreenSky Securities Litigation
P.O. Box 3560
Portland, OR 97208-3560
Toll-Free Number: (855) 917-3539
Website: www.GreenSkySecuritiesLitigation.com

Objection/Exclusion Deadline: [_____], 2021
Final Approval Hearing: [_____], 2021
Deadline to File a Claim: [_____], 2021

EXECUTION COPY

## PART II:   SCHEDULE OF HOLDINGS AND TRANSACTIONS IN GREENSKY COMMON STOCK

■ **Beginning Holdings.** For shares held before the opening of trading on the first day of the Relevant Period (May 24, 2018), please provide the quantity of shares held (if none, leave blank):

Quantity of Shares:

■ **Incoming Shares.** Purchases from the beginning of the Relevant Period (May 24, 2018) to August 5, 2019 (please note, shares purchased after the end of the Relevant Period do not contribute to your Recognized Loss, but are requested to properly balance and process your claim). Please provide all data, and list each trade separately:

| Trade Date (MMDDYYYY) | Quantity of Shares Purchased | Purchase Price per Share |
|---|---|---|

■ **Outgoing Shares.** Sales from the beginning of the Relevant Period through the end of trading on August 5, 2019. Please provide all data, and list each trade separately:

| Trade Date (MMDDYYYY) | Quantity of Shares Sold | Sale Price per Share |
|---|---|---|

■ **Unsold Shares.** Shares held as of the end of trading on August 5, 2019. Please provide the quantity of shares held (if none, leave blank):

Quantity of Shares:

## PART III:   CERTIFICATION

Executed this _____ day of _____ in _____, _____
　　　　　　　　　　(Day)　　　　　　　　(Month/Year)　　　　　　　　　　　(City)　　　　　(State/Country)

_____
(Signature of Claimant)

_____
(Print Name of Claimant)

_____
(Signature of Joint Claimant, if any)

_____
(Print Name of Joint Claimant, if any)

2

In re GreenSky Securities Litigation
P.O. Box 3560
Portland, OR 97208-3560
Toll-Free Number: (855) 917-3539
Website: www.GreenSkySecuritiesLitigation.com

Objection/Exclusion Deadline: [_____], 2021
Final Approval Hearing: [_____], 2021
Deadline to File a Claim: [_____], 2021

EXECUTION COPY

| PROOF OF CLAIM INSTRUCTIONS |
|---|

1.      To recover as a Class Member based on your claims in the action entitled *In re GreenSky Securities Litigation*, Case No. 1:18-cv-11071-AKH (S.D.N.Y.) (the "Action"),[1] you must complete and, on page 2 hereof, sign this Proof of Claim Form. If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action, if it is approved by the Court. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of Pendency of Class Action and Proposed Settlement ("Notice").

3.      **You must mail your completed and signed Proof of Claim Form postmarked on or before [_____], 2021, addressed as follows:**

> *In re GreenSky Securities Litigation*
> P.O. Box 3560
> Portland, OR 97208-3560
> www.GreenSkySecuritiesLitigation.com
> Tel: 1-855-917-3539 (Toll-Free)
> E-mail: info@GreenSkySecuritiesLitigation.com

4.      If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5.      If you are a Class Member and you did not timely and validly request exclusion from the proposed Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, **whether or not you submit a Proof of Claim Form.**

6.      This Proof of Claim Form must be submitted by the actual beneficial purchaser(s), or the legal representative of such purchaser(s), of the GreenSky common stock upon which these claims are based.

7.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

8.      All joint purchasers must sign this Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim Form on behalf of

---

[1] This Proof of Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 24, 2021 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. A copy of the Stipulation can be obtained at http://www.GreenSkySecuritiesLitigation.com.

In re GreenSky Securities Litigation
P.O. Box 3560
Portland, OR 97208-3560
Toll-Free Number: (855) 917-3539
Website: www.GreenSkySecuritiesLitigation.com

Objection/Exclusion Deadline: [_____], 2021
Final Approval Hearing: [_____], 2021
Deadline to File a Claim: [_____], 2021

EXECUTION COPY

persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

9.     Use Part II of this form entitled "Schedule of Holdings and Transactions in GreenSky Common Stock" to supply all required details of your transaction(s) in GreenSky common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10.     On the schedules, provide all of the requested information with respect to all of your purchases of GreenSky common stock which took place during the period between May 24, 2018 and November 12, 2018, inclusive (the "Relevant Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

11.     List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12.     You should attach documentation verifying your transactions in GreenSky common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

**Reminder Checklist:**

1. Sign the Certification section of the Proof of Claim Form on page 2.
2. Remember to attach supporting documentation.
3. Do not send original documents.
4. Keep a copy of your Proof of Claim Form and all documents submitted for your records.
5. If you desire an acknowledgment of receipt of your Proof of Claim Form, send your Proof of Claim Form by Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.

**Accurate claims processing can take a significant amount of time. Thank you for your patience.**