**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GREENSKY SECURITIES LITIGATION

Case No. 18-cv-11071 (AKH)

**[PROPOSED] ORDER ON CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF LEAD PLAINTIFFS' COSTS AND EXPENSES**

Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement of Lead Plaintiffs' Costs and Expenses ("Fee Application") duly came before the Court for a hearing on October 19, 2021. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the October 19, 2021 hearing. Due and adequate notice having been given to the Class as required by the Court's June 11, 2021 Preliminary Approval Order (Dkt. No. 187), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1.       This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 180) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.       This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.       Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and

the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation

Reform Act of 1995.

4.      Class Members have been given the opportunity to object to the Fee Application in

compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has

objected to Co-Lead Counsel's request.

5.      The Fee Application is hereby GRANTED.

6.      Co-Lead Counsel are hereby awarded attorneys' fees in the amount of ___% of the

Settlement Fund, or $_____, and $_____ in reimbursement for Co-Lead

Counsel's litigation expenses (which fees and expenses shall be paid to Co-Lead Counsel from the

Settlement Fund), which sums the Court finds to be fair and reasonable, plus interest earned at the

same rate and for the same period as earned by the Settlement Fund.

7.      Lead Plaintiffs have also requested reimbursement of their expenses incurred

directly related to their representation of the Class in this Action. Pursuant to 15 U.S.C. § 77z-

1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the

representation of the class" may be made to "any representative party serving on behalf of a class."

8.      Lead Plaintiff Northeast Carpenters Annuity Fund is hereby awarded its expenses,

including lost wages, in the amount of $_____, which represents its reasonable costs

and expenses directly related to its representation of the Class.

9.      Lead Plaintiff El Paso Firemen & Policemen's Pension Fund is hereby awarded its

expenses, including lost wages, in the amount of $_____, which represents its

reasonable costs and expenses directly related to its representation of the Class.

10.     Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and

Parish of East Baton Rouge is hereby awarded its expenses, including lost wages, in the amount

of $_____, which represents its reasonable costs and expenses directly related to its representation of the Class.

11.     Pursuant to paragraph 7.3 of the Stipulation, the fees and expenses awarded herein shall be payable to Co-Lead Counsel following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Co-Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 7.3 of the Stipulation.

12.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  the Settlement has created a fund of $27,500,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

b.  a fee of ___% of the Settlement Fund is within an acceptable range of fees;

c.  Co-Lead Counsel's total lodestar is $_____, and a fee of ___% of the Settlement Fund represents a reasonable multiplier of their aggregate lodestar, which is acceptable in this Action;

d.  the fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors;

e.  copies of the Notice were mailed to over _____ potential Class Members or their nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of litigation expenses in

an amount not to exceed $250,000, plus interest earned at the same rate and for the same

period as earned by the Settlement Fund;

f.   no Class Member has objected to the Fee Application; and

g.   the amount of attorneys' fees awarded and expenses to be reimbursed from the

Settlement Fund are fair and reasonable.

13.    Any appeal or any challenge affecting this Court's approval regarding any

attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order

and Final Judgment entered with respect to the Settlement.

14.    Jurisdiction is hereby retained over the parties and the Class Members for all

matters relating to this Action, including the administration, interpretation, effectuation, or

enforcement of the Stipulation and this Order.

15.    In the event that the Settlement is terminated or the Effective Date of the Settlement

otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the

Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

Dated:  New York, New York
        October __, 2021


_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE