## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No. 18-cv-11071 (AKH) |

## DECLARATION OF ROBERT A. MEYER, ESQ.

I, Robert A. Meyer, Esq., declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am submitting this Declaration in my capacity as the mediator who was retained by the parties in connection with the above-captioned action (the "Action").

2.      I am a mediator at JAMS where I have specialized in the resolution of complex civil disputes.

3.      I have been a mediator for more than 15 years, and have more than 45 years of experience as a litigator, representing both plaintiffs and defendants.

4.      Because of my experience, I am often asked by litigants and their attorneys in complex civil cases to serve as a mediator, particularly in complex shareholder and securities litigation.

5.      I served as the mediator in this Action. At my request, and as is typical in mediations, the parties' negotiations were conducted in confidence and under my supervision. The Lead Plaintiffs in the above-captioned action have requested that I give this Declaration to describe my general impressions of the nature of the parties' negotiations and my opinion of the Settlement that was reached. My statements and those of the parties during the alternative dispute resolution proceedings are subject to a confidentiality agreement, and I am not authorized to waive and do not intend to waive that agreement.

6.      As set out below, the Action presented complex factual and legal issues. Each of the parties was represented throughout the mediation process by zealous and able counsel, who had a thorough understanding of the issues involved. The Settlement was negotiated aggressively and at arms' length. I strongly believe that the Settlement was reached at the end of a thorough process and represents a very favorable resolution to highly uncertain litigation. The Court will determine the fairness, reasonableness, and adequacy of the Settlement, but from a mediator's perspective, I unreservedly recommend it as the result of hard-fought negotiations and as an accurate reflection of the risks and potential rewards of the settled claims.

## The Parties' Settlement Negotiations

7.      In 2020, Lead Plaintiffs' counsel and Defendants' counsel requested my assistance with their settlement efforts. The parties scheduled a mediation session for September 10, 2020.

8.      I presided over the September 10, 2020 mediation session, which was held via Zoom and lasted a full day. The mediation was attended by Co-Lead Counsel for the Lead Plaintiffs; representatives of the Lead Plaintiffs; Defendants' counsel; and representatives of GreenSky's insurers.

9.      Prior to the September 10, 2020 mediation session, Lead Plaintiffs and Defendants exchanged and delivered to me confidential written submissions detailing their positions on the issues. Based on my review and analysis of the parties' submissions, it was clear that there was a large discrepancy in their evaluations of the claims and that achieving a settlement would be difficult. The parties' submissions and presentations before me on September 10 addressed their respective views and arguments concerning the merits of the litigation, and evidenced that both sides, through their counsel, had a thorough and extensive understanding of the claims and the defenses in the litigation, as well as the risks and the weaknesses.

10.     Throughout the September 10, 2020 mediation session, I met separately with Lead Plaintiffs' counsel, Defendants' counsel, and representatives of the insurers. I engaged the parties in a series of in-depth discussions regarding the strengths and challenges of the key issues. During the negotiations, the parties exchanged their views on liability and damages, for settlement purposes only, in an attempt to better understand their respective positions and narrow the divide between them.

11.     Although the mediation on September 10, 2020 was productive in terms of focusing the areas of dispute, the parties were not able to reach an agreement. The parties agreed to exchange further confidential written submissions regarding their positions, and scheduled a second, full-day mediation on October 8, 2020.

12.     The parties were likewise not able to reach agreement at the October 8, 2020 mediation session. Following the mediation, however, the parties continued their negotiations with my assistance. I had numerous communications with Lead Plaintiffs' counsel, Defendants' counsel, and representatives of the insurers in an effort to reach an agreed resolution. Following those further discussions, I issued a mediator's proposal to settle the case for $27.5 million. Subsequently, the parties accepted my proposal, and on April 6, 2021, reached an agreement-in-principle to resolve the Action for that amount.

**Conclusion**

13.     From my involvement as the mediator in this Action, I observed first-hand that these were hard-fought negotiations, which resulted in a significant recovery for the Class and a fair and equitable Settlement for all involved. The Settlement here was the product of extensive arms'-length negotiations. There was no collusion whatsoever in reaching the terms of the Settlement. I believe it was in the best interests of all of the parties that they avoid the burdens and

risks associated with taking the Action to trial, and that they agree upon the Settlement now before the Court.

14.     The advocacy on both sides of the Action was of high caliber. I have had experience working with the parties' counsel in other cases I have mediated and am familiar with the effort and zeal they put into their work. I expected that they would represent their clients in the same manner here, as they did. All displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients. I believe the Settlement is the result of both Lead Plaintiffs' counsel's and Defendants' counsel's experience, reputation, and ability in these types of cases.

15.     Accordingly, in my view, the Settlement is eminently fair, reasonable, and adequate.

Respectfully submitted on this __ day of September, 2021.

Robert A. Meyer, Esq.