**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GREENSKY SECURITIES LITIGATION | Case No. 18-cv-11071 (AKH) |

**ORDER AUTHORIZING DISTRIBUTION OF**
**NET SETTLEMENT FUND**

Northeast Carpenters Annuity Fund, El Paso Firemen & Policemen's Pension Fund, and the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge (collectively, "Lead Plaintiffs") have moved for entry of an order authorizing distribution of the Net Settlement Fund in the above-captioned class action (the "Action"). The Court, having considered the Motion for Order Authorizing Distribution of Net Settlement Fund and all materials and arguments submitted in support of the motion, including the Declaration of Alexander Villanova in Support of Lead Plaintiffs' Motion for Order Authorizing Distribution of Net Settlement Fund ("Villanova Decl.") on behalf of the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), and the Memorandum of Law in support thereof, THE COURT ORDERS AS FOLLOWS:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated May 24, 2021 (ECF No. 180) ("Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Villanova Declaration.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.     As set forth in the Villanova Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of Epiq accepting those Claims set forth in Exhibit B-1 and Exhibit B-2 are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit B-3 are approved.

4.     As set forth in the Villanova Declaration, no new Claims or responses to Notices of Deficiency that would result in a previously rejected Claim being eligible for payment or additional payment may be accepted after June 14, 2022.

5.     The Distribution Plan for the Net Settlement Fund as set forth in the Villanova Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Villanova Declaration will irrevocably forfeit all recovery from the Settlement.

6.     Consistent with the Villanova Declaration, no earlier than nine (9) months after the initial distribution, the Claims Administrator, in consultation with Co-Lead Counsel, will determine whether redistribution to Authorized Claimants from any funds remaining after the initial distribution would be cost-effective. If redistribution is warranted, Co-Lead Counsel will cause the Claims Administrator to distribute the remaining balance among Authorized Claimants, and engage in additional distributions, up to and until the balance remaining in the Net Settlement

Fund is such that no further distributions would be cost-effective. Any distributions shall be conducted in accordance with the terms and conditions outlined in the Villanova Declaration.

7.    If there are residual funds remaining in the Net Settlement Fund, and the Claims Administrator determines that no additional distributions are cost-effective, then the funds will be donated to the Legal Aid Society of New York City.

8.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the Released Plaintiffs beyond the amount allocated to them pursuant to this Order.

9.    The Claims Administrator shall be reimbursed $141,617.71 in Notice and Administration Costs and $36,765.67 in costs associated with dissemination of the Notice of Pendency, which amounts shall be paid from the Settlement Fund.

10.    The Claims Administrator is authorized to dispose of the paper copies of Claims and all supporting documentation one (1) year from the final distribution date of the Net Settlement Fund and to dispose of electronic copies of the same three (3) years after the final distribution date of the Net Settlement Fund.

IT IS SO ORDERED.

Dated: August 9, 2022

The Honorable Alvin K. Hellerstein
United States District Judge

3